UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

————

**Civil Case No. 23-10518**

————

**GARY THOMAS FISCHER,**

Petitioner,

v.

**JAMES SCHIEBNER, Warden,**

Respondent.

————

**BRIEF IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS**

————

**FEDERAL DEFENDER OFFICE**[1]

BENTON C. MARTIN
AMANDA N. BASHI
Counsel for Gary Fischer
613 Abbott St., Suite 500
Detroit, Michigan 48226
(313) 967-5542

---

[1] The federal defender office was appointed pursuant to the order in Case No. 22-mc-51566.

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................... iii

INTRODUCTION .................................................................................... 1

STATEMENT OF FACTS ....................................................................... 2

    I.   Mr. Fischer's trial counsel put little effort into his case, resulting in sentencing errors. ........................................................................ 2

    II.  On direct appeal, Mr. Fischer repeatedly raised claims of ineffective assistance of counsel for failure to communicate plea offer and asked for remand on that issue. ...................................... 3

    III.  Mr. Fischer exhausted state remedies and then filed this timely federal habeas petition. .................................................................. 8

ARGUMENT ......................................................................................... 10

    I.   The state court did not adjudicate Mr. Fischer's ineffective assistance of counsel claim on the merits, so this Court does not apply AEDPA deference. ........................................................... 10

    II.  Mr. Fischer's constitutional right to effective assistance of competent counsel during plea negotiations was violated. ........ 17

    III.  The remedy is to order the State to reoffer the plea. ................. 19

CONCLUSION ..................................................................................... 21

ii

# TABLE OF AUTHORITIES

## Cases

*Barton v. Warden, S. Ohio Corr. Facility*, 786 F.3d 450 (6th Cir. 2015) 14

*Berghuis v. Thompkins*, 560 U.S. 370 (2010) ......................................... 17

*Campbell v. Bradshaw*, 674 F.3d 578 (6th Cir. 2012) ............................ 14

*Carter v. Bell*, 218 F.3d 581 (6th Cir. 2000) ........................................... 11

*Caver v. Straub*, 349 F.3d 340 (6th Cir. 2003) ....................................... 11

*Cottenham v. Jamrog*, 248 F. App'x 625 (6th Cir. 2007) ....................... 12

*Elmore v. Foltz*, 768 F.2d 773 (6th Cir. 1985) .................................. 12, 13

*Griffin v. United States*, 330 F.3d 733 (6th Cir. 2003) ..................... 17, 18

*Harrington v. Richter*, 562 U.S. 86 (2011) ............................................. 13

*Hill v. Lockhart*, 474 US 52 (1985) .......................................................... 6

*Jackson v. Houk*, 687 F.3d 723 (6th Cir. 2012) ...................................... 10

*Jackson v. Smith*, 745 F.3d 206 (6th Cir. 2014) ..................................... 10

*Jells v. Mitchell*, 538 F.3d 478 (6th Cir. 2008) ...................................... 14

*Johnson v. Williams*, 568 U.S. 289 (2013) .............................................. 13

*Lafler v. Cooper*, 566 U.S. 156 (2012) ......................................... 1, 17, 19

*Magana v. Hofbauer,* 263 F.3d 542, 553 (6th Cir. 2001) ....................... 20

*Missouri v. Frye*, 566 U.S. 134 (2012) ...................................................... 1

*Mitchell v. Mason*, 325 F.3d 732 (6th Cir. 2003) ..................................... 4

*People v. Shacks*, No. 355900, 2022 WL 815187 (Mich. Ct. App. Mar. 17, 2022) ....................................................................................................... 4

*Reddy v. Kelly*, 657 F. App'x 531 (6th Cir. 2016) .............................. 10, 14

*Sawaf v. United States*, 570 F. App'x 544 (6th Cir. 2014) ............... 18, 19

*Strickland v. Washington,* 466 U.S. 668 (1984) ......................... 16, 17, 18

*Torres v. Bauman*, 677 F. App'x 300 (6th Cir. 2017) ............................. 16

*United States v. Morris*, 470 F.3d 596 (6th Cir. 2006) ........................... 17

*United States v. Morrison*, 449 U.S. 361 (1981) .................................... 19

*Woods v. Booker*, 450 F. App'x 480 (6th Cir. 2011) ............................... 12

## Statutes

28 U.S.C. § 2244(d)(1) ................................................................................ 9

28 U.S.C. § 2254 ......................................................................... 9, 10, 16

Michigan Court Rule 7.211(C)(1)(a)(ii) .......................................... 3, 4, 13

## <u>INTRODUCTION</u>

Plea bargaining "'is not some adjunct to the criminal justice system; it is the criminal justice system.'" *Missouri v. Frye*, 566 U.S. 134, 144 (2012) (quoting Scott & Stuntz, *Plea Bargaining as Contract*, 101 Yale L. J. 1909, 1912 (1992)). "In today's criminal justice system, therefore, the negotiation of a plea bargain, rather than the unfolding of a trial, is almost always the critical point for a defendant." *Id.* Consequently, it is of utmost importance to our system that defendants are entitled to effective assistance of competent counsel during plea negotiations. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012).

This system failed Gary Fischer. His trial attorney admits that he received a plea offer that would have significantly reduced Mr. Fischer's sentencing exposure. But that offer wasn't communicated to Mr. Fischer. The state appellate court then failed to adjudicate Mr. Fischer's claim of ineffective assistance based on the uncommunicated plea offer. This Court should review this constitutional claim de novo, hold an evidentiary hearing, and grant habeas relief.

1

## **STATEMENT OF FACTS**

### I.  **Mr. Fischer's trial counsel put little effort into his case, resulting in sentencing errors.**

In 2018, prosecutors in Livingston County charged Gary Fischer with first-degree home invasion, aggravated assault, and resisting arrest. (Ex. 1, ROA, at 1.) The charges stemmed from an alleged fight between Mr. Fischer and Heather Miner, with whom he had a sexual relationship. (Ex. 2, Tr. Day 1, at 90, 166, 167.) Ms. Miner had given Mr. Fischer her garage door code for use when he came over. (*Id.* at 94.) In September 2019, Mr. Fischer allegedly went to Ms. Miner's home, drunk—after an argument with her—and let himself in through the garage and refused to leave. (*Id.* at 111–16.) He then allegedly fought Ms. Miner after she punched him in the face. (*Id.* at 117–25.)

The trial court appointed Rolland Sizemore to represent Mr. Fischer in the trial court, and Mr. Fischer proceeded to trial in March 2019. Mr. Sizemore did the bare minimum. He waived opening statement and rested without presenting any evidence. (Ex. 3, Tr. 2, at 53.) After the jury convicted Mr. Fischer, Mr. Sizemore then failed to object to an untimely habitual offender enhancement and to a wrongly inflated state

guidelines range. (Ex. 4, Sent. Tr., at 7.) In April 2019, Mr. Fischer received a prison sentence of 15 to 50 years. (*Id.* at 14.)

## II. On direct appeal, Mr. Fischer repeatedly raised claims of ineffective assistance of counsel for failure to communicate plea offer and asked for remand on that issue.

On direct appeal, the State Appellate Defender Office represented Mr. Fischer. On January 22, 2020, attorney Katherine Marcuz filed both an appellate brief and a motion to remand. In the appellate brief, she challenged the lack of a unanimity jury instruction, the untimely habitual enhancement, and the guidelines scoring. (Ex. 5, Appellate Brief, at 3.) In its merits briefing, the prosecutor ultimately agreed in regard to the habitual enhancement and asked the Court of Appeals to remand for resentencing. (Ex. 9, State Br., at 38.)

In the motion to remand, Mr. Fischer asked to expand the record on claims of ineffective assistance of trial counsel, pursuant to Michigan Court Rule 7.211(C)(1)(a)(ii). (Ex. 6, Remand Mtn., at 3–4.) Since the 1970s, Michigan has had a well-established practice of permitting remands during direct appeal to further establish facts in support of ineffective assistance claims, rather than leaving those issues for

3

collateral review. *Mitchell v. Mason*, 325 F.3d 732, 736 (6th Cir. 2003) (discussing remand procedures, known as *Ginther* hearings). The standard for obtaining a remand is set forth in Rule 7.211(C)(1)(a), which requires that the motion to be "supported by affidavit or offer of proof regarding the facts to be established at a hearing." Mich. Ct. R. 7.211(C)(1)(a)(ii); *People v. Shacks*, No. 355900, 2022 WL 815187, at *2 (Mich. Ct. App. Mar. 17, 2022).

Mr. Fischer first raised two bases for trial counsel's ineffectiveness: trial counsel's failure to object to the prosecution's untimely sentencing enhancement notice, and trial counsel's failure to object to the erroneous guideline scoring at sentencing. (Ex. 6, Remand Mtn., at 9.) In response, the prosecutor admitted the sentencing enhancement notice had not been timely filed, and thus agreed Mr. Fischer was entitled to resentencing, and a *Ginther* evidentiary hearing was unnecessary. (Ex. 7, Resp. Mtn. Remand, at 5.) The Michigan Court of Appeals denied the motion to remand "for failure to persuade the Court of the necessity of a remand at this time." (Ex. 8, Order, Mar. 4, 2020.) However, the court stated that the denial was "without prejudice to a case call panel of this Court

4

determining that remand is necessary once the case is submitted on a session calendar." (*Id.*)

As invited, Mr. Fischer soon renewed his motion for remand, presenting further evidence in support of his allegation that Mr. Sizemore rendered ineffective assistance by receiving a plea offer and failing to convey it to Mr. Fischer. (Ex. 10, Second Remand Mtn., at 5.) As to the uncommunicated plea offer, Mr. Fischer explained in a new affidavit: "I was told by Mr. Sizemore that there was no plea offer and there would be no plea offer." (Ex. 11, Appendix, at 6.) He added: "I would have been interested in a plea offer to reduced charges." (*Id.*)

Mr. Fischer also submitted an affidavit from his appellate attorney, Katherine Marcuz, attesting to phone conversations that she had with trial attorney Mr. Sizemore where he affirmed "that there had been offers." (Ex. 11, Appendix, at 79-80.) Mr. Sizemore also told Ms. Marcuz of one particular offer: "the prosecutor offered to reduce Count 1 from home invasion first degree to home invasion second degree and reduce Count 2 from interference with a crime report to attempt interference with a crime report. Counts 3 and 4 would remain as charged. The

prosecutor would also drop the habitual offender enhancement from habitual fourth to habitual second." (*Id.* at 80–81.)

Mr. Fischer explained the prejudice resulting from this offer not being communicated: it would have greatly reduced his sentencing exposure. (Ex. 10, Second Mtn. Remand, at 37.) The offer would have lowered his sentencing range to 58 to 142 months (approximately 4.8 to 11.8 years). (*Id.* at 40.) Mr. Fischer argued, citing *Hill v. Lockhart*, 474 US 52, 57 (1985), that, given "counsel's compete failure to communicate a favorable offer as well as [Mr. Fischer]'s interest in a plea deal had it been offered, [Mr. Fischer] has established deficient performance and a reasonable probability that but for counsel's unprofessional errors, the outcome of the plea process would have been different." (*Id.* at 42.)

This time, in responding to the motion for remand, the State asserted that the prosecutor "considered" making an offer, but the defense and prosecution "were far apart," so "the prosecutor never made a formal plea offer." (Ex. 12, Second Resp. Mtn., at 4.) The court denied the motion in a form order nearly identical to the first denial order, again stating that the motion was denied "without prejudice to a case call panel

6

of this Court determining that remand is necessary once the case is submitted on a session calendar." (Ex. 13, Order, June 9, 2020.)

Accordingly, Mr. Fischer renewed his motion for remand a third time for consideration by the case call panel. (Ex. 14, Third Mtn. Remand.) He repeated the arguments about the failure to communicate the plea offer, emphasizing that trial counsel had claimed to have received a plea offer, and Mr. Fischer attested to having never learned of that offer. (*Id.* at 37.) Mr. Fischer contended that, given the conflicting accounts of what happened, remand was necessary to develop the factual record. (*Id.* at 4.) The Court of Appeals once again denied the motion "for failure to persuade the Court of the necessity of a remand at this time." (Ex. 15, Order, Nov. 18, 2020.)

On December 17, 2020, the Michigan Court of Appeals affirmed Mr. Fischer's convictions, but remanded for resentencing without the improper habitual enhancement. (Ex. 16, COA Op., Dec. 17, 2020.) The court decided Mr. Sizemore had not been ineffective by not requesting a unanimity instruction. (*Id.* at 2, 4.) It also declined to rule on whether Mr. Sizemore rendered ineffective assistance by failing to challenge the

7

sentencing guideline scoring given the remand for resentencing based on the improper habitual enhancement. (*Id.* at 6.) The court said nothing about Mr. Fischer's argument regarding Mr. Sizemore being ineffective for failing to convey a plea offer.

### III. Mr. Fischer exhausted state remedies and then filed this timely federal habeas petition.

On February 11, 2021, Mr. Fischer sought leave to appeal in the Michigan Supreme Court, challenging the Court of Appeals's failure to grant his remand motions regarding Mr. Sizemore providing the ineffective assistance of counsel by failing to convey the plea offer. (Ex. 17, Appl. Leave Appeal, at 46.)

On October 8, 2021, the Michigan Supreme Court denied leave to appeal, by form order, stating that the Court was "not persuaded that the questions presented should be reviewed." (Ex. 18, Order, Oct. 8, 2021.)

On February 8, 2022, the trial court conducted the ordered resentencing. (Ex. 19, Resentencing Tr.) The court calculated the range as 78 to 162 months (6.5 to 13.5 years), above the range of the plea offer that Mr. Sizemore failed to convey to Mr. Fischer. (*Id.* at 13–14.) The

court imposed a within-guidelines sentence of a minimum of 11 years, to a maximum of 30 years. (*Id.* at 34.)

On March 2022, Mr. Fischer filed a claim of appeal. (Ex. 1, ROA, at 9.) He then twice moved to extend time, with the last extension granted to September 12, 2022. On August 15, 2022, Mr. Fischer stipulated to dismissal of the appeal, and the stipulated order was granted the next day. (Ex. 20, Order, Aug. 16, 2022.)

There is a one-year limitation period to file a petition under 28 U.S.C. § 2254, running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). Here, the second order granting an extension of time gave Mr. Fischer until September 12, 2022, to file his appeal brief, so arguably his deadline for filing is September 12, 2023.

But in light of the fact that Mr. Fischer did not pursue an appeal, this motion is being filed by March 29, 2023, one year from the deadline for Mr. Fischer to timely file a claim of appeal, March 28, 2022.

# ARGUMENT

## I. The state court did not adjudicate Mr. Fischer's ineffective assistance of counsel claim on the merits, so this Court does not apply AEDPA deference.

Oftentimes, federal courts are required to defer to the state court under the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(d). But in this case, the question whether Mr. Sizemore rendered ineffective assistance during plea bargaining in Mr. Fischer's case was fairly presented by Mr. Fischer but not adjudicated on the merits by the state court. Where, as here, "a claim was fairly presented to the state courts but not 'adjudicated on the merits,' the claim is 'given plenary review by a federal habeas court.'" *Reddy v. Kelly*, 657 F. App'x 531, 541 (6th Cir. 2016) (quoting *Jackson v. Smith*, 745 F.3d 206, 209 (6th Cir. 2014)); *Jackson v. Houk*, 687 F.3d 723, 731 (6th Cir. 2012) ("[W]hen a claim has not been adjudicated on the merits in State court proceedings, and has not been procedurally defaulted, we look at the claim de novo rather than through the deferential lens of AEDPA.")

Fair presentation of an issue requires that a petitioner give state courts a full opportunity to resolve any constitutional issues by invoking

one complete round of the state's appellate review system. *Caver v. Straub*, 349 F.3d 340, 346 (6th Cir. 2003). In other words, "[a] petitioner 'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Carter v. Bell*, 218 F.3d 581, 607 (6th Cir. 2000).

Here, Mr. Fischer brought his claim of ineffective assistance to the Michigan Court of Appeals through multiple motions to remand. Mr. Fischer raised the denial of those motions before the Michigan Supreme Court as well.

Mr. Fischer did not need to raise his ineffective assistance claim in his primary brief in order to fairly present it to the state court, particularly given Michigan's well-recognized remand procedure for ineffective-assistance claims. In *Elmore v. Foltz*, the Sixth Circuit found that a habeas petitioner fairly presented his claims of suppression of exculpatory evidence and ineffective assistance of counsel when, after filing his appeal in the Michigan Court of Appeals, but before a decision on the merits of his appeal, he moved to remand to the trial court to create

11

a testimonial record on these two issues, later raised in his federal habeas petition. 768 F.2d 773, 774 (6th Cir. 1985). The Michigan Court of Appeals denied that motion. *Id*. at 774–75. Though the petitioner had not raised these two issues in his brief on the merits before the Michigan Court of Appeals, the Sixth Circuit concluded that the claims were exhausted because the petitioner's motion to remand was procedurally proper and detailed enough to "fairly present" the claim to the Michigan Court of Appeals. The same is true here.

In *Cottenham v. Jamrog*, 248 F. App'x 625, 633–34 (6th Cir. 2007), the Sixth Circuit was presented with a similar situation. The petitioner filed pro se motions and letters with the court of appeals regarding his problems with his appellate counsel and his inability to raise issues on appeal. Relying on *Elmore*, the Sixth Circuit found Petitioner's efforts sufficient to satisfy the fair presentation requirement.

Respondent may point to *Woods v. Booker*, 450 F. App'x 480, 489–90 (6th Cir. 2011), which refused to find that a failure-to-investigate claim was fairly presented because it was not in the questions presented section of the defendant's appellate brief. But *Woods* emphasized that,

12

unlike in *Elmore*, the claim raised in *Woods* was not properly raised in a motion to remand as a procedural matter. Here, unlike in *Woods*, and as in *Elmore*, Mr. Fischer's motion to remand was procedurally proper under Michigan Court Rule 7.211(C)(1)(a)(ii). In addition, in *Woods*, the petitioner's argument "was not sufficiently detailed to fairly present the claim he now offers," whereas in *Elmore*, the petitioner raised his claim in detail. Again, this case is like *Elmore*: Mr. Fischer raised his ineffective assistance claim in detail and supported it with affidavits from himself and appellate counsel attesting to Mr. Sizemore's failure to convey the favorable plea offer. (Ex. 10, Second Mtn. Remand; Ex. 11, Appendix.)

If a claim is "fairly presented" in state court, then there is a presumption that the state court adjudicated the claim on the merits. *Johnson v. Williams*, 568 U.S. 289, 293 (2013). But this presumption "may be overcome when there is reason to think some other explanation for the state court's decision is more likely." *Harrington v. Richter*, 562 U.S. 86, 98 (2011). For example, "[i]f a federal claim is rejected as a result of sheer inadvertence, it has not been evaluated based on the intrinsic right and wrong of the matter." *Williams*, 568 U.S. at 302–03. Further,

13

the Sixth Circuit has concluded that a claim was not adjudicated on the merits where a state court "misconstrued" and "did not reach the core" of a fairly presented argument. *Campbell v. Bradshaw*, 674 F.3d 578, 596 (6th Cir. 2012); *Jells v. Mitchell*, 538 F.3d 478, 505 (6th Cir. 2008); *Reddy*, 657 F. App'x at 541. "This assessment is based on the 'language used by the state court in its discussion of the claim at issue and the context of that discussion.'" *Reddy*, 657 F. App'x at 541 (quoting *Barton v. Warden, S. Ohio Corr. Facility*, 786 F.3d 450, 460 (6th Cir. 2015)).

This case is like *Jells*, *Reddy*, and *Campbell*, in that the state appellate court did not reach the core—or even the surface—of Mr. Fischer's properly raised plea-offer ineffective assistance claim. Mr. Fischer's motions to remand raised several ineffective assistance claims, and provided affidavits in support of his claim that he never receive the plea offer made to Mr. Sizemore. (Ex. 10, Second Mtn. Remand, at 37.) The Court of Appeals denied the motion in a form order stating that the motion was denied "without prejudice to a case call panel of this Court determining that remand is necessary once the case is submitted on a session calendar." (Ex. 13, Order, June 9, 2020.)

Then, in its merits decision, the Michigan Court of Appeals appeared to have overlooked the specific plea-offer ineffectiveness, while addressing the other ineffectiveness claims that Mr. Fischer raised. (*See* Ex. 16, COA Op., Dec. 17, 2020.) The court decided Mr. Sizemore had not been ineffective by not requesting a unanimity instruction. (*Id.* at 2, 4.) And it declined to rule on whether Mr. Sizemore rendered ineffective assistance by failing to challenge the sentencing guideline scoring given the remand for resentencing based on the improper habitual enhancement. (*Id.* at 6, n.1.) The court said nothing at all about Mr. Fischer's separate argument and evidence regarding Mr. Sizemore's ineffective failure to convey a plea offer.

But the remand did not obviate the need for the state court to resolve the plea-offer ineffective assistance claim. The offer described by Mr. Sizemore would have lowered Mr. Fischer's range to 58 to 142 months. (Ex. 10, Second Mtn. Remand, at 37–40.) That range is significantly less than the range he faced at his resentencing of 78 to 162 months. (Ex. 19, Resentencing Tr., 13–14.)

15

This case is thus like *Torres v. Bauman*, 677 F. App'x 300, 301 (6th Cir. 2017). There, the petitioner raised a new claim of ineffective assistance in a postconviction petition in state court, and the state court mistakenly treated the claim as if it had been resolved during the direct appellate process. *Id.* The district court initially concluded that it was constrained by AEDPA, but the Sixth Circuit reversed, finding that the petitioner's "claim of ineffective assistance of counsel during plea bargaining was never adjudicated on the merits by a state court as required for deference under 28 U.S.C. § 2254(d)."

In any event, even if this Court decides that the state court reached an adjudication on the merits, Mr. Fischer should still prevail under the strictures of § 2254(d). Mr. Sizemore admits to receiving an offer, and that offer was not communicated to Mr. Fischer. Those facts represent a clear violation of *Strickland v. Washington,* 466 U.S. 668 (1984). The state appellate court's decision to reject this claim without comment represents an unreasonable application of *Strickland*, as discussed further below.

16

## II.  Mr. Fischer's constitutional right to effective assistance of competent counsel during plea negotiations was violated.

When reviewing questions of ineffective assistance, this Court follows the well-established rule in *Strickland v. Washington*, 466 U.S. 668 (1984). To establish ineffective assistance, a defendant must show both deficient performance as well as prejudice. *Berghuis v. Thompkins*, 560 U.S. 370, 389 (2010). Defendants are entitled to effective assistance of competent counsel during plea negotiations. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). A fair trial does not "wipe[] clean any deficient performance by defense counsel during plea bargaining." *Id.* at 169. *Strickland*'s two-part test guides analysis of whether counsel's performance was constitutionally ineffective at the plea bargaining stage. *Id.* at 162–63.

During plea negotiations, it is critical that defense attorneys communicate plea offers and the comparative sentencing exposure between accepting the offer and going to trial. *United States v. Morris*, 470 F.3d 596, 602 (6th Cir. 2006); *Griffin v. United States*, 330 F.3d 733, 738 (6th Cir. 2003). If the defendant does not receive accurate advice about potential sentencing exposure, then counsel's performance is

17

deficient. *Morris,* 470 F.3d at 603; *Sawaf v. United States*, 570 F. App'x 544, 547 (6th Cir. 2014).

Here, the affidavits by Mr. Fischer and appellate counsel provide evidence that trial counsel rendered ineffective assistance by failing to convey a plea offer. Although the State has disputed this factual contention, no court has resolved the dispute. This Court should hold an evidentiary hearing to determine whether this plea offer was in fact made and not conveyed to Mr. Fischer.

Moreover, as to the second prong of *Strickland*, under Sixth Circuit law, prejudice is *presumed* in cases like Mr. Fischer's, where a petitioner's post-trial sentencing exposure is substantially higher than his or her exposure would have been under an unconveyed plea agreement. *Sawaf*, 570 F. App'x at 547. Generally, it is "easier to show prejudice in the guilty plea context because the claimant need only show a reasonable probability that he would have pleaded differently" if given competent advice. *Griffin,* 330 F.3d at 737.

Even without the benefit of the presumption, the evidence conclusively supports a finding of prejudice. *Sawaf,* 570 F. App'x at 548.

18

Mr. Fischer has attested that had he "would have been interested in a plea offer to reduced charges." (Ex. 11, Appendix, at 6.) And the offer that Mr. Sizemore said he received would have lowered Mr. Fischer's range to 58 to 142 months. (*Id.* at 80–81; Ex. 10, Second Mtn. Remand, at 37–40.) That range is significantly less than the range he faced at his sentencing of 78 to 162 months. (Ex. 19, Resentencing Tr., 13–14.)

This Court should find that Mr. Sizemore's failure to communicate a beneficial plea to Mr. Fischer constituted deficient performance and prejudiced Mr. Fischer. Thus, the Court should grant habeas relief for the violation of Mr. Fischer's constitutional right to effective assistance of counsel.

## III.    The remedy is to order the State to reoffer the plea.

Any remedy for a violation of a defendant's Sixth Amendment rights "must 'neutralize the taint' of [the] constitutional violation." *Cooper*, 566 U.S. at 170 (quoting *United States v. Morrison*, 449 U.S. 361, 364 (1981)). As explained in *Cooper*, if a defendant rejected a plea offer based on ineffective assistance, and that offer was for "counts less serious than the ones for which a defendant was convicted after trial," then "the

19

proper exercise of discretion to remedy the constitutional injury may be to require the prosecution to reoffer the plea proposal." *Id*. at 171.

Thus, to cure the constitutional injury in this case, this Court should grant the writ of habeas corpus conditional upon a new plea hearing in state court where the prosecutor re-offers Mr. Fischer the plea agreement provided during his original case. If the State attempts to offer a plea agreement exceeding the original offer, then it must overcome the rebuttable presumption of prosecutorial vindictiveness, and if it cannot, then this Court would be justified in ordering Mr. Fischer's release. *Magana v. Hofbauer,* 263 F.3d 542, 553 (6th Cir. 2001).

## **CONCLUSION**

This Court should hold an evidentiary hearing to confirm the facts of the plea offer made but not conveyed to Mr. Fischer. And ultimately, the Court should grant Mr. Fischer's petition for writ of habeas corpus and order the State to re-offer the plea offer made to his trial attorney but not conveyed to him.

Respectfully submitted,

/s/Benton C. Martin
     Benton_Martin@fd.org

/s/ Amanda N. Bashi
     Amanda_Bashi@fd.org

Counsel for Gary Fischer
613 Abbott St., Suite 500
Detroit, Michigan 48226
(313) 967-5542

Dated: March 3, 2023

21