### STATE OF MICHIGAN

### IN THE COURT OF APPEALS

**PEOPLE OF THE STATE OF MICHIGAN**

               Plaintiff-Appellee,

-vs-

**GARY THOMAS FISCHER**

              Defendant-Appellant

_____/

**Court of Appeals No.** 348539

**Lower Court No.** 18-25329 FH

**LIVINGSTON COUNTY PROSECUTOR**
Attorney for Plaintiff-Appellee
_____

**KATHERINE L. MARCUZ (P76625)**
Attorney for Defendant-Appellant
_____

### MOTION TO REMAND

### BRIEF IN SUPPORT OF MOTION TO REMAND

**STATE APPELLATE DEFENDER OFFICE**

**BY:**   **KATHERINE MARCUZ (P76625)**
       **Assistant Defender**
       3300 Penobscot Building
       645 Griswold
       Detroit, Michigan 48226
       (313) 256-9833

**STATE OF MICHIGAN**

**IN THE COURT OF APPEALS**

**PEOPLE OF THE STATE OF MICHIGAN**

                Plaintiff-Appellee,

                                **Court of Appeals No.** 348539

-vs-

-vs-                                **Lower Court No**. 18-25329 FH

**GARY THOMAS FISCHER**

                Defendant-Appellant.

_____/

**<u>MOTION TO REMAND</u>**

      Defendant-Appellant **GARY THOMAS FISCHER**, through his attorneys, the **STATE APPELLATE DEFENDER OFFICE**, by **KATHERINE MARCUZ**, respectfully asks this Honorable Court to remand the matter to the trial court, pursuant to MCR 7.211(C)(1)(a), stating:

      1.      On March 5, 2019, following a jury trial before the Honorable Suzanne Geddis in the Livingston County Circuit Court, Mr. Fischer was found guilty of home invasion first degree, aggravated assault, and resisting and obstructing a police officer. He was acquitted of interfering with a crime report. T2, 121.[1]

      2.      On April 4, 2019, Judge Geddis sentenced Mr. Fischer as a fourth habitual offender to 15 to 50 years in prison. Sentencing Transcript 4/4/19 (hereafter "S") at 14.

      3.      Mr. Fischer is concurrently filing his brief on appeal and asserts that he is entitled to resentencing.

---

[1] References to the trial transcript are denoted by "T" followed by the volume and page number.

4.    The first issue which Mr. Fischer seeks to raise on remand is as follows:

I.    **Mr. Fischer is entitled to resentencing under state and federal due process requirements, where the prosecutor amended the habitual offender notice to increase Mr. Fischer's sentence enhancement from a habitual second to a habitual fourth outside the 21-day period provided by MCL 769.13. Further, trial counsel was ineffective for failing to object to the untimely amendment.**

5.    On November 1, 2018, the prosecution filed the Felony Information in this case and within that Information gave notice of their intent to sentence Mr. Fischer as a second habitual offender. *Information*, attached as Appendix B. The notice referenced one prior felony conviction for stealing or retaining a financial transaction device without consent. Appendix B. Subsequently, on December 11, 2018, the prosecution filed an Amended Information. *Amended Information*, attached as Appendix C. The Amended Information increased Mr. Fischer's habitual offender enhancement from second to fourth and listed two additional prior felony convictions. Appendix C.

6.    MCL 769.13 provides in relevant part: "(1) In a criminal action, the prosecuting attorney may seek to enhance the sentence of the defendant as provided under section 10, 11, or 12 of this chapter, by filing a written notice of his or her intent to do so within 21 days after the defendant's arraignment on the information charging the underlying offense or, if arraignment is waived, within 21 days after the filing of the information charging the underlying offense."

7.    Here, where Mr. Fischer waived his circuit court arraignment, the 21-day statutory period ran from the filing of the Information charging the underlying offense—November 1, 2018. Accordingly, the amendment to the habitual offender notice, filed December 11, 2018, was well-outside the statutory period and thus impermissible.

8.    While the prosecutor may amend the habitual offender notice at any time to correct a technical error, amendments that increase the enhancement level are not considered

2

technical and must be done within the statutory period. See *People v Hornsby*, 251 Mich App 462, 471 (2002) (permitting the amendment of the charges the prosecutor relied on for a habitual offender level when the level itself did not change); *People v Johnson*, 495 Mich 919 (2013) (holding that an amendment correcting the arrest dates and offenses outside the permitted 21 days was proper when it did not change Johnson's status as a fourth habitual offender).

9.      Because the habitual offender enhancement was amended to increase his enhancement level after the 21-day period, he is entitled to resentencing as a second habitual offender.

10.      Additionally, counsel performed deficiently by failing to object to the untimely amendment of the habitual offender enhancement which was plainly improper and resulted in an inflated guidelines range. *Strickland v Washington*, 466 US 668, 687 (1984).

11.      The second issue which Mr. Fischer seeks to raise on remand is as follows:

**II.      Mr. Fischer is entitled to resentencing under state and federal due process requirements, where errors in scoring the prior record and offense variables resulted in a higher sentencing guidelines range. Further, trial counsel was ineffective for failing to object to the erroneous scoring at sentencing.**

12.      At sentencing, the trial court scored fifteen points for PRV 5, ten points for OV 10, ten points for OV 12, and fifteen points for OV 19. *Sentencing Information Report*, Appendix D. These scores are in error and a resentencing is required.

13.      A score of 15 points under PRV 5 is appropriate where the defendant has "five or six prior misdemeanor convictions or prior juvenile misdemeanor convictions." MCL 777.55(1)(b). Though Mr. Fischer's criminal history as summarized in the presentence report reflects approximately 30 prior misdemeanor convictions, only two of those prior convictions should have been used to score PRV 5.

14.      As an initial matter, the vast majority of Mr. Fischer's prior misdemeanor

convictions are for offenses related to driving with a suspended license and thus not scoreable. See PSIR, Criminal History.

15.     Of Mr. Fischer's five (5) "scoreable" prior misdemeanor convictions, three (3) were obtained without the benefit of counsel and resulted in jail sentences:

(1) Operate While Impaired ("OWI"), 1994 (PSIR Adult History No. 4 of 38)
(2) Use of Oxycodones, 2010 (PSIR Adult History No. 18 of 38)
(3) Use of Analogues, 2010 (PSIR Adult History No. 18 of 38)

16.     A defendant accused of a misdemeanor is entitled to appointed trial counsel if actually imprisoned, unless the defendant waives this right. *People v Reichenbach*, 459 Mich 109, 120 (1998). Further, a conviction obtained in violation of a defendant's constitutional right to counsel cannot be used to enhance punishment for another offense. *People v Moore*, 391 Mich 426, 437-438 (1974); see also *People v Alexander (After Remand)*, 207 Mich App 227 (1994).

17.     For the three prior convictions at issue here, Mr. Fischer's presentence report indicates that either no attorney was present, or the presence of counsel is "unknown."  See PSIR, Adult History No. 4 of 38 and No. 18 of 38.

18.     Appellate counsel requested the register of actions from the district court for both of these cases. 16th District Court Register of Actions, #94L00356CD, attached as Appendix E; 67th District Court Register of Actions, #FY01000458, attached as Appendix F. These documents show that Mr. Fischer did not have counsel, did not waive his right to counsel, and was sentenced to jail time as a result of the conviction. Appendix E and Appendix F

19.     Mr. Fischer also seeks remand so that he may object to the scoring of sentencing guidelines variables OV 10, 12, and 19. Trial counsel did not object to these variables at sentencing.

20.     The scoring under OV 10 was improper because Mr. Fischer and Ms. Miner were

4

not in a "domestic relationship" as defined by case law. See *People v Jamison*, 292 Mich App 440 (2011).

21.     The sentencing judge violated Mr. Fischer's due process rights by assessing ten points for OV 12 based, in part, on acquitted conduct. *People v Beck*, __ Mich ___; ___ NW2d ___ (2019) (Docket No. 152934).

22.     OV 19 was improperly scored at 15 points where the score was not supported by the record and/or based on acquitted conduct. *Beck*, *supra*.

23.     Mr. Fischer also alleges that counsel's failure to object to these scoring errors on the record amounted to ineffective assistance of counsel. *Strickland v Washington*, 466 US 668, 687 (1984).

24.     The brief in support of this motion, which Mr. Fischer incorporates herein, more thoroughly discusses the above issues.

25.     A remand is necessary to develop the factual record necessary for appellate consideration, MCR 7.211(C)(1)(a)(ii), and so that Mr. Fischer can move in the trial court for resentencing, MCR 7.211(C)(1)(a)(i).

.

**WHEREFORE**, for the foregoing reasons, Gary Thomas Fischer respectfully requests that this Honorable Court grant the Motion to Remand and direct the trial court to hold a resentencing.

Respectfully submitted,

**STATE APPELLATE DEFENDER OFFICE**

BY:     /s/ Katherine L. Marcuz

**Katherine Marcuz  (P76625)**
**Assistant Defender**
3300 Penobscot Building
645 Griswold
Detroit, Michigan  48226
(313) 256-9833

**Colleen Anderson**
Law Student
University of Michigan Law School

**Jackson Powers**
Law Student
University of Michigan Law School

Date: January 22, 2020

**STATE OF MICHIGAN**

**IN THE COURT OF APPEALS**

**PEOPLE OF THE STATE OF MICHIGAN**

                    Plaintiff-Appellee,

-vs-

**GARY THOMAS FISCHER**

                    Defendant-Appellant
_____/

**Court of Appeals No.** 348539

**Lower Court No**. 18-25329 FH

**LIVINGSTON COUNTY PROSECUTOR**
Attorney for Plaintiff-Appellee
_____

**KATHERINE L. MARCUZ (P76625)**
Attorney for Defendant-Appellant
_____

**BRIEF IN SUPPORT OF MOTION TO REMAND**

**STATE APPELLATE DEFENDER OFFICE**


**BY:**   **KATHERINE L. MARCUZ (P76625)**
      **Assistant Defender**
      3300 Penobscot Building
      645 Griswold
      Detroit, Michigan 48226
      (313) 256-9833

# TABLE OF CONTENTS

INDEX OF AUTHORITIES..............................................................................................i

STATEMENT OF FACTS .............................................................................................1

ARGUMENT ................................................................................................................6

I.    Mr. Fischer is entitled to resentencing under state and federal due process requirements where the prosecutor amended the habitual offender notice to increase Mr. Fischer's sentence enhancement from a habitual second to a habitual fourth outside the 21-day period provided by MCL 769.13. Trial counsel was ineffective for failing to object to the untimely amendment. ...........................................................................................................6

II.   Mr. Fischer is entitled to resentencing under state and federal due process requirements where errors in scoring the prior record and offense variables resulted in a higher guidelines range. Further, trial counsel was ineffective for failing to object to the erroneous scoring at sentencing. ......................................................................................................9

    A. PRV 5..................................................................................................9

    B. OV 10................................................................................................12

    C. OV 12................................................................................................13

    D. OV 19................................................................................................15

    E. Need for Resentencing......................................................................16

    F. Ineffective Assistance of Counsel....................................................17

SUMMARY AND REQUEST FOR RELIEF.............................................................19

# INDEX OF AUTHORITIES

## Cases

*People v Beck*, ___ Mich ____; ___ NW2d ___ (2019) ...................................................... 14,15,16

*Glover v United States*, 531 US 198 (2001) ................................................................ 8, 17

*People v Alexander, (After Remand)*, 207 Mich App 227 (1994) ......................................... 10, 11

*People v Carter*, 503 Mich 221 (2019) ..................................................................... 15

*People v Ellis*, 224 Mich App 752 (1997) ................................................................... 7

*People v Francisco,* 474 Mich 82 (2006) .................................................................. 8, 17

*People v Hardy*, 494 Mich 430 (2013) ..................................................................... 9

*People v Harmon,* 248 Mich App 522 (2001) ............................................................. 8, 17

*People v Hornsby*, 251 Mich App 462 (2002) ................................................................ 7

*People v Jamison*, 292 Mich App 440 (2011) .............................................................. 13

*People v Johnson*, 495 Mich 919 (2013) ................................................................. 7, 14

*People v Kimble*, 470 Mich 305 (2004) .................................................................... 17

*People v Moore*, 391 Mich 426 (1974) ................................................................... 10, 12

*People v Reichenbach*, 459 Mich 109 (1998) ............................................................. 10, 12

*Strickland v Washington*, 466 US 668 (1984) ......................................................... 8, 17, 18

*Townsend v Burke*, 334 US 736 (1948) .................................................................... 8, 17

## Constitutions, Statutes, Court Rules

Const 1963, Art 1, § 17 ................................................................................ 10 ,17

MCL 769.13 ............................................................................................. 6

MCL 769.34(10) ....................................................................................... 17

MCL 777.40(1)(b) ..................................................................................... 12

MCL 777.42(2)(a) ..................................................................................... 13

MCL 777.49(b) ........................................................................................ 15

MCL 777.55(1)(b) ...................................................................................... 9

MCL 777.55(1)(d) .................................................................................... 9, 10

MCL 777.55(2)(a) ..................................................................................... 10

MCL 777.63 ........................................................................................ 7, 8, 16

**STATEMENT OF FACTS**

**Overview**

Gary Fischer and Heather Miner were romantically involved. Over the summer of 2018, Heather gave Gary her garage door code so that he could let himself in when they spent time together at her home. On September 17, 2018, Gary and Heather got into an argument because he tried to retrieve her dog from her ex for her. Gary thought it was what Heather wanted—but Heather became upset. They argued over the phone, then Gary got drunk. A short time later, Gary went over to Heather's house and let himself in through the garage door. Heather asked Gary to leave, he refused, and she threatened to call the police. When Gary tried to take the phone from her, she punched him in the face and pushed him into her linen closet. A physical fight ensued with both parties landing blows. At some point, Heather and Gary exited the home, and then returned inside. Heather ultimately called 911, and Gary was arrested.

Gary was charged with first-degree home invasion, interfering with a crime report, resisting arrest, and aggravated assault. See Information, Lower Court Record. His trial took place over two days in March of 2019, before the Honorable Suzanne Geddis in the Livingston County Circuit Court.

Defense counsel waived his opening statement and rested without presenting any evidence. T2, 53. And though Mr. Fischer was only charged with one count of home invasion, the trial prosecutor presented evidence of two alleged unlawful entries and two alleged assaults. No special unanimity instruction was requested or given.

At sentencing, counsel did not object to an untimely habitual offender enhancement nor did he object to incorrect prior record and offense variables resulting in an inaccurate and inflated guidelines range.

1

**Pertinent trial evidence**

Gary Fischer and Heather Miner met through an online dating service in 2015. T1, 90, 168.[1] While Heather denied being in a "relationship" with Gary, she acknowledged that they had been sexually involved on and off for roughly three years and said "I love you" to each other. T1, 90, 166, 167. Beginning in 2016, Heather did not speak to Gary for a time because she got back together with an ex-boyfriend, Shawn Cotton. When Shawn and Heather broke up in June of 2018, Heather and Gary reunited. T1, 92-93. After the break-up with Shawn, Gary fixed Heather's garage door and changed the code for her. T1, 168. He also changed the locks of her house for her. T1, 168. Heather gave Gary the garage code to use to enter the house when she invited him over. T1, 94. She would also leave the door leading from the garage to the house unlocked for him. T1, 94.

About three months after Heather started seeing Gary again, she told him that Shawn and his sons "kidnapped" her dog, Maggie, from her condo. T1, 98-99, 110. Heather was heartbroken, and Gary agreed to help her try and get her dog back. T1, 99. On September 17, Gary called Heather to let her know that he had driven to Shawn's house and seen him with Maggie, but that he had not been able to get the dog back. T1, 100-101. On that day, Heather had smoked marijuana. T1, 172. Heather became upset at Gary because she was nervous that Shawn was going to call the police on them and thought they had agreed not to go there anymore. T1, 100-102. Gary expressed surprise and told Heather that he thought getting Maggie back was what she wanted. T1, 103. According to Heather, after exchanging several more texts back and forth, she told Gary she was "blocking" him. T1, 103. She then went to sleep between 9:00-

---

[1] The trial transcripts are abbreviated as follows: 3/4/19 Trial Tr. ("T1"); 3/5/19 Trial Tr. ("T2"); Sentencing 4/4/19 ("S").

10:30pm that evening. T1, 104-105. The door between the garage and the home was left unlocked. T1, 96-97.

     Heather testified that she woke up sometime later to find Gary getting into bed next to her, and he was intoxicated. T1, 111-112. Heather stated that she immediately told Gary to leave, and, when he refused, used her feet to push him towards the edge of the bed. T1, 112-113. Gary got out of the bed and Heather began walking him towards the bedroom door while putting his shoes and belongings in his hands. T1, 114. While this was happening, Heather chastised Gary for drinking and driving and he faulted her for trying to make him drive intoxicated again. T1, 114-115. According to Heather, when they got to the bedroom door, Gary said that he was not going to leave and that she could not make him. T1, 115-116. Heather said that if she could not, then the cops could, and then reached for her phone. T1, 116.

     As per Heather, when she reached for her phone, Gary grabbed her arm, twisted it, and took the phone from her. T1, 116. Heather responded by punching Gary with a closed fist and shoving him until they both ran into the linen closet. T1, 117-118. Then, according to Heather, Gary then hit her in the head with the cellphone. T1, 118. Heather screamed at Gary, and they began fighting. T1, 119. Heather admits there are parts of the fight she does not remember. T1, 120. However, she said at some point, they ended up on the floor near her dining room, and she alleged that Gary hit her head into the floor three times. T1, 120-121. After this, they got back up, and Heather tried to slam him into the cabinets, upon which he pushed her back into the table. T1, 123. Ultimately, Heather and Gary ended up back on the floor and Heather grabbed and squeezed Gary's genitals before biting him in the face. T1, 125. Gary let go of the phone, and when he got up to retrieve it, Heather ran downstairs and out through the garage. T1, 126, 128-129.

A short time later, Heather decided to go back into the house. T1, 130. As she walked back inside, Gary was standing in the doorway connecting the house and garage. He told her he would give her phone back if she agreed not to call the police. T1, 131. Heather grabbed the phone out of Gary's hand, ran inside, and locked the door. T1, 131-132. She then grabbed a kitchen knife, went into the bathroom, and called 911.[2] T1, 133.

Sometime later, Heather heard a noise downstairs, then saw Gary in the house. T1, 135. She did not know how he got back in and was still on the phone with 911 at this time. T1, 135. According to Heather, the two started wrestling while she held the knife in one hand and her cellphone in the other. T1, 137. She then claimed that Gary chased her around the house but stopped when he saw police lights outside. T1, 137-138. Eventually, after throwing some furniture which hit the walls and the light fixture, Gary left the house. T1, 140.

Officer Fogo responded to the 911 call. When he saw Gary walking away from the house, he commanded him to put up his hands. Gary began running, ran into a trash can, fell, and was tackled. T1, 213-215. Officer Fogo testified that Gary seemed intoxicated but was mostly "cooperative and cordial" after he allowed himself to be handcuffed. T1, 217, 225.

While Officer Fogo was with Gary, a second officer, Officer Vallance, entered the house. T2, 7. Officer Vallance encountered Heather with a knife in one hand, and the phone in the other. T2, 7. Heather told Officer Vallance she had been attacked by Gary. T2, 8-9. Officer Vallance noted that Heather had some bruising on her chest and arm, blood on her face, and a broken tooth. T2, 8, 12-13; P x 14-21. Heather also complained of bumps on her head, but Officer Valance did not photograph or inspect her. T2, 13.[3]

---

[2] The call was entered into evidence as People's Exhibit ("P x") 22. T1, 143.

[3] The injuries to Gary's face were also documented. T1, 158.

After talking to Heather, Officer Vallance looked at the front door. T2, 17. She noted that the trim had been broken off and it was no longer on the hinges. T2, 17. She did not recall any shoe marks or pry marks and had no opinion on how it got open. T2, 17.

The police seized Heather's cell phone but did not obtain her phone records or review the calls and text messages between Heather and Gary. T2, 30.

Gary was found guilty of Count 1, home invasion first degree, Count III, resisting and obstructing a police officer, and Count IV, aggravated assault. T2, 121. He was found not guilty of Count 2, interfering with a crime report. T2, 121.

On April 4, 2019, Gary was sentenced as a fourth habitual offender. Though he was initially charged as a second habitual offender, the prosecutor amended the Information to increase the habitual enhancement from second to fourth, well after the 21-day statutory period. Felony Information and Amended Information, Lower Court Record. Defense counsel did not object.

At sentencing, the prosecutor made several challenges to the offense variables ("OV"s). S, 2-6. He asked that OV 1 be scored at 10 because the phone was a weapon, OV 7 be scored at zero, OV 10 be scored at 10 due to a domestic relationship, and OV 12 be scored at 10 because there had been two break-ins, and the court could find that the charge of interfering with a crime report had happened despite the acquittal. *Id.* S, 4-6. Defense counsel made no objections on the record. S, 7. The sentencing guidelines were calculated at 99 to 320 months. S, 6.

Judge Geddis sentenced Gary to 15 years to 50 in prison. S, 14.

## ARGUMENT

I.      **Mr. Fischer is entitled to resentencing under state and federal due process requirements, where the prosecutor amended the habitual offender notice to increase Mr. Fischer's sentence enhancement from a habitual 2nd to a habitual 4th outside the 21-day period provided by MCL 769.13. Further, trial counsel was ineffective for failing to object to the untimely amendment.**

*Standard of Review*

Questions of statutory interpretation are subject to de novo review. *Id.* at 308-309.

*Discussion*

Mr. Fischer was sentenced as a fourth habitual offender to 15 to 50 years in prison. S, 14; See also Judgment of Sentence, Lower Court Record. Because the habitual offender enhancement was amended to increase his enhancement level after the 21-day period, he is entitled to resentencing as a second habitual offender.

On November 1, 2018, the prosecution filed the Felony Information in this case and within that Information gave notice of their intent to sentence Mr. Fischer as a second habitual offender. *Information*, attached as Appendix B. The notice referenced one prior felony conviction for stealing or retaining a financial transaction device without consent. Appendix B. Subsequently, on December 11, 2018, the prosecution filed an Amended Information. *Amended Information*, attached as Appendix C. The Amended Information increased Mr. Fischer's habitual offender enhancement from second to fourth and listed two additional prior felony convictions. Appendix C.

MCL 769.13 provides in relevant part:

(1) In a criminal action, the prosecuting attorney may seek to enhance the sentence of the defendant as provided under section 10, 11, or 12 of this chapter, by filing a written notice of his or her intent to do so within 21 days after the defendant's arraignment on the information charging the underlying offense or, if

arraignment is waived, within 21 days after the filing of the information charging
the underlying offense.

Here, where Mr. Fischer waived his circuit court arraignment, the 21-day statutory period

ran from the filing of the Information charging the underlying offense—November 1, 2018.

Accordingly, the amendment to the habitual offender notice, filed December 11, 2018, was well

outside the statutory period and thus impermissible.

While the prosecutor may amend the habitual offender notice at any time to correct a

technical error, amendments that increase the enhancement level are not considered technical and

must be done within the statutory period. See *People v Hornsby*, 251 Mich App 462, 471 (2002)

(permitting the amendment of the charges the prosecutor relied on for a habitual offender level

when the level itself did not change); *People v Johnson*, 495 Mich 919 (2013) (holding that an

amendment correcting the arrest dates and offenses outside the permitted 21 days was proper

when it did not change Johnson's status as a fourth habitual offender).

In *People v Ellis*, this Court dealt with facts nearly identical to the ones at issue here, and

held that although the original notice of intent to charge as a second habitual offender was filed

within the statutory time period, the prosecutor erred in amending the notice six weeks later to

add additional prior convictions and charge the defendant as a habitual fourth because it

substantially affected the proceedings going forward. *People v Ellis*, 224 Mich App 752, 755

(1997). Specifically, this Court held that "the amendment may not relate to additional prior

convictions not included in the timely filed supplemental information." *Id.*

Amending the habitual offender notice to make Mr. Fischer a fourth habitual had a

significant effect on his sentencing guidelines. As a fourth habitual offender, his guidelines were

scored at 99 to 320 months. See *Sentencing Information Report* (SIR), attached as Appendix D;

see also MCL 777.63 (Sentencing Grid for Class B Offenses). As a second habitual offender,

with the variables scored as they were at sentencing, Mr. Fischer minimum sentence range would have been 99 to 200 months, MCL 777.63, making his current minimum sentence of 15 years at the top of the guidelines rather than in the middle.

A defendant is constitutionally and statutorily entitled to be sentenced based on accurate information, including an accurate sentencing guidelines range. *Townsend v Burke*, 334 US 736 (1948); *People v Francisco,* 474 Mich 82, 89, 91, 92 (2006). Since the error in amending the habitual offender enhancement, if corrected, would lead to a different recommended minimum sentence range, resentencing is required. *Francisco,* 474 Mich at 88-89.

*Ineffective Assistance of Counsel*

Mr. Fischer was entitled to the effective assistance of counsel at sentencing, which includes objecting to errors to the calculation of the sentencing guidelines. *Glover v United States*, 531 US 198 (2001); *People v Harmon,* 248 Mich App 522, 530-531 (2001).

To establish ineffectiveness, a defendant must demonstrate that counsel's performance fell below an objective standard of reasonableness, and that the representation so prejudiced the defendant as to deprive him of a fair trial. *Strickland*, 466 US at 687. To show prejudice, the defendant must demonstrate a "reasonable probability" that the result of the proceeding would have been different absent counsel's errors. *Id*. at 694.

Counsel performed deficiently by failing to object to the untimely amendment of the habitual offender enhancement which was plainly improper and resulted in an inflated guidelines range. There is no strategic reason for an attorney to allow his client to be sentenced based on an inflated and inaccurate guidelines range, and there is more than a reasonable probability that the court would have imposed a lower sentence but for this error. Accordingly, the error is prejudicial, and resentencing is required. *Strickland*, *supra*.

II.     **Mr. Fischer is entitled to resentencing under state and federal due process requirements, where errors in scoring the prior record and offense variables resulted in a higher sentencing guidelines range. Further, trial counsel was ineffective for failing to object to the erroneous scoring at sentencing.**

*Standard of Review*

The proper interpretation and application of the sentencing guidelines to the facts is a legal question that this Court reviews *de novo*. *People v Hardy*, 494 Mich 430, 438 (2013). The trial court's findings of fact are reviewed for clear error and must be supported by a preponderance of evidence. *Id.*

*Discussion*

At sentencing, the trial court scored fifteen points for PRV 5, ten points for OV 10, ten points for OV 12, and fifteen points for OV 19. *SIR*, Appendix D. These scores are in error and a resentencing is required.

**A. PRV 5**

At sentencing, the trial court assessed 15 points for Prior Record Variable ("PRV") 5, Prior Misdemeanor Convictions or Prior Juvenile Adjudications. See SIR, Appendix D. This score is in error and resentencing is required.

A score of 15 points under PRV 5 is appropriate where the defendant has "five or six prior misdemeanor convictions or prior juvenile misdemeanor convictions." MCL 777.55(1)(b). Though Mr. Fischer's criminal history as summarized in the presentence report reflects approximately 30 prior misdemeanor convictions, only two of those prior convictions should have been used to score PRV 5.

As an initial matter, the vast majority of Mr. Fischer's prior misdemeanor convictions are for offenses related to driving with a suspended license and thus not scoreable. See PSIR, Criminal History. Only misdemeanor convictions for offenses against a person or property,

9

controlled substances offenses, weapons offenses, or offenses involving operating a vehicle while under the influence of alcohol or a controlled substance may be counted as "prior misdemeanor convictions" for the purposes of PRV 5. MCL 777.55(2)(a). Five of Mr. Fischer's prior misdemeanor convictions fall into these categories:

    (1) <u>Operate While Impaired ("OWI"), 1994 (No. 4 of 38)</u>
    (2) OUIL, 1996 (No. 5 of 38)
    (3) Aggravated Assault, 1996 (No. 6 of 38)
    (4) <u>Use of Oxycodones, 2010 (No. 18 of 38)</u>
    (5) <u>Use of Analogues, 2010 (No. 18 of 38)</u>

See PSIR Adult History entries 4, 5, 6, and 18.

However, of these five "scoreable" prior misdemeanor convictions, three were obtained without the benefit of counsel and resulted in jail sentences: numbers 1, 4, and 5 above (underlined).[4] Because Mr. Fischer only had the benefit of counsel for two of his five prior "scoreable" misdemeanor convictions, PRV 5 should have been calculated at five points to reflect "2 prior misdemeanor convictions." MCL 777.55(1)(d).

A defendant accused of a misdemeanor is entitled to appointed trial counsel if actually imprisoned, unless the defendant waives this right. *People v Reichenbach*, 459 Mich 109, 120 (1998). Further, a conviction obtained in violation of a defendant's constitutional right to counsel cannot be used to enhance punishment for another offense. *People v Moore*, 391 Mich 426, 437-438 (1974); see also *People v Alexander (After Remand)*, 207 Mich App 227 (1994).

The defendant has the burden of presenting prima facie proof of the uncounseled nature of the prior conviction. *Moore*, 391 Mich at 440-441. Upon such presentation, the burden will then be upon the prosecutor to establish the constitutional validity of the prior conviction.  *Id.*

---

[4] The presentence report reflects that Mr. Fischer was provided counsel for his prior misdemeanor convictions for operating under the influence of liquor (OUIL) in 1996 and aggravated assault 1996. PSIR, Adult History No. 5 of 38 and No. 6 of 38.

In *Alexander, supra,* the defendant's presentence report contained a notation that one of his prior convictions may have been obtained in violation of his Sixth Amendment right to counsel. *Alexander,* 207 Mich App at 229-230. The Michigan Court of Appeals remanded to the trial court, for the prosecution to establish that the defendant's prior convictions were not obtained in violation of his right to counsel. *Id.* at 230. The Court specifically noted that although the defendant had not challenged the use of the prior convictions at the time of sentencing, his post-sentencing challenge to the use of prior convictions was reviewable by the Court of Appeals and the trial court. *Id.* at 229-230.

Similarly, here, for the three prior convictions at issue, Mr. Fischer's presentence report indicates that either no attorney was present, or the presence of counsel is "unknown." See PSIR, Adult History No. 4 of 38 and No. 18 of 38.

**NO. 4 OF 38**

| Offense Date: | 01/12/1994 |
|---|---|
| Arrest Date: | 01/12/1994 |
| Arresting Agency: | Livonia Police Department |
| Charge(s) at Arrest: | Operate While Impaired |
| Court of Jurisdiction: | 16th District Court, #94L00356CD OD |
| **Final Charges:** | **Operate While Impaired** |
| Conviction Date/Method: | 01/19/1994 / Plea |
| **Sentence/Disposition:** | **12 months probation. 5 days jail or $200.00 fines and costs** |
| Sentence Date: | 03/10/1994 |
| Attorney Present: | Unknown |
| Discharge Date: | Unknown |

**NO. 18 OF 38**

| Offense Date: | 04/13/2010 |
|---|---|
| Arrest Date: | 04/13/2010 |
| Arresting Agency: | Grand Blanc Township Police Department |
| Charge(s) at Arrest: | Ct. I: Possession of Oxycodone and Ct. II: Possession of Analogues |
| Court of Jurisdiction: | 67th District Court, #FYO1000458 |
| **Final Charges:** | **Ct. I: Use of Oxycodone and Ct. II: Use of Analogues** |
| Conviction Date/Method: | 12/06/2016 / Plea |
| **Sentence/Disposition:** | **5 days jail** |
| Sentence Date: | 12/06/2016 |
| Attorney Present: | No |
| Discharge Date: | 12/06/2016 |

Appellate counsel requested the register of actions from the district court for both of these cases. 16th District Court Register of Actions, #94L00356CD, attached as Appendix E; 67th District

Court Register of Actions, #FY01000458, attached as Appendix F. These documents show that Mr. Fischer did not have counsel, did not waive his right to counsel, and was sentenced to jail time as a result of the conviction. Appendix E and Appendix F.[5]

In each of these cases, Mr. Fischer did not have counsel and was actually imprisoned. *Reichenbach,* 459 Mich at 120. Because these convictions were obtained in violation of Mr. Fischer's right to counsel, they cannot be used to enhance his punishment for another offense. *Moore,* 391 Mich at 426. Only two of his prior "scoreable" misdemeanor convictions were not obtained in violation of his right to counsel. Therefore, PRV 5 should be corrected to five points to reflect "2 prior misdemeanor convictions." MCL 777.55(1)(d).

**B.    OV 10**

The trial court assessed ten points for Offense Variable 10 (Exploitation of Vulnerable Victim). SIR, Appendix D. A score of ten points under OV 10 is appropriate where "[t]he offender exploited a victim's physical disability, mental disability, or youth or agedness, or a domestic relationship, or the offender abused his or her authority status." MCL 777.40(1)(b). Here, the prosecutor argued that ten points was appropriate because Mr. Fischer exploited a "domestic relationship" between himself and Ms. Miner where the two had "frequent intermittent encounters." S, 6.

The scoring under OV 10 was improper because Mr. Fischer and Ms. Miner were not in a "domestic relationship" as defined by case law.

To qualify as a "domestic relationship" for the purposes of OV 10, there must be a

---

[5] In 1994, Mr. Fischer served a jail sentence in lieu of fees and costs for the misdemeanor offense operating while impaired. There is no attorney listed and no indication of waiver of counsel. Appendix E. In 2010, Mr. Fischer served a jail sentence for two misdemeanor controlled substance convictions. There is no attorney listed and no indication of waiver of counsel. Appendix F.

familial or co-habitating relationship. *People v Jamison*, 292 Mich App 440 (2011). In *Jamison,* this Court found that there was no "domestic relationship" where the defendant and the victim previously dated, continued to have sexual relations, and kept some personal belongings at each other's residences, but did not live together and did not have children in common. *Id.* at 441.

The record does not reflect that Mr. Fischer and Ms. Miner had a familial or co-habitating relationship, thus there was no "domestic relationship" for the purposes of OV 10. On the contrary, the evidence at trial was that Mr. Fischer and Ms. Miner had a primarily sexual relationship and had spent time together at her home. Ms. Miner explicitly stated that she was not in a "dating" relationship with Mr. Fischer. T1, 93. They did not have children together. "If a present dating relationship, standing alone, is not sufficient to establish a domestic relationship under OV 10, *Jamison*, *supra*, an "occasionally intimate" relationship, as the prosecutor described it at trial (T1, 78) falls far short. OV 10 should have been scored at zero.

### C.    OV 12

At Mr. Fischer's sentencing, the prosecutor requested that OV 12[6] be scored at 10 points to reflect two contemporaneous felonious criminal acts involving crimes against a person. S, 6. He asserted that the first contemporaneous felony was a separate home invasion that occurred when Mr. Fischer allegedly entered without permission a second time, and the second was interference with a crime report–"the offense that the jury acquitted on by or beyond reasonable doubt standard." S, 6. Despite the acquittal, the prosecutor urged the judge find "by a preponderance of the evidence that the offense actually did occur." *Id.* Judge Geddis scored OV 12 at 10 points. SIR, Appendix D. The finding violated of Mr. Fischer's due process rights.

---

[6] Felonious criminal acts that occurred within 24 hours of the sentencing offense and have not and will not result in a separate conviction may be scored under OV 12. MCL 777.42(2)(a).

A sentencing judge may not consider acquitted conduct at sentencing. *People v Beck*, __ Mich ___; ___ NW2d ___ (2019) (Docket No. 152934). "[D]ue process bars sentencing courts from finding by a preponderance of the evidence that a defendant engaged in conduct of which he was acquitted." *Id.* at __; slip op at 22. The jury acquitted Mr. Beck of open murder but convicted him of being a felon in possession of a firearm. *Id.* at __; slip op at 3. In sentencing him for the felon in possession count as a fourth habitual offender, the trial court sentenced Mr. Beck to a prison term of 240 to 400 months, far above the guidelines range (22 months to 76 months). *Id.* The sentencing court relied, at least in part, on its independent finding under a preponderance of the evidence standard that Mr. Beck had committed the murder. *Id.* at __; slip op at 3-4. The Supreme Court found this was a due process violation and remanded for resentencing. *Id.* at __; slip op at 21-22.

Though the *Beck* case involved the review of a departure sentence, the opinion does not limit the holding to departures. This Court has already determined that the holding in *Beck* applies to the scoring of the offense variables, in at least three unpublished opinions.

- *People v Davis*, unpublished opinion per curiam of the Court of Appeals, issued September 19, 2019 (Docket No. 343435), attached at p 12: "In light of *Beck*, we conclude that the trial court erred by assessing 100 points for OV 3 when scoring the guidelines for first-degree home invasion. The jury absolved Davis of any liability for the deaths of Welch and Newman. The jury's verdict acquitting Davis of the murder charges indicates that it determined that Davis's conduct was not a factual cause of the victims' deaths. Therefore, under *Beck*, the trial court could not rely on that conduct as a basis for scoring OV 3."

- *People v Johnson*, unpublished opinion per curiam of the Court of Appeals, issued November 26, 2019 (Docket No. 343848), attached at p 5: "Under *Beck*, defendant's due process rights were violated when the trial court assessed points for OVs 1 and 3 and imposed a sentenced based on the offense for which the jury acquitted him."

- *People v Morrie II*, unpublished opinion per curiam of the Court of Appeals, issued December 3, 2019 (Docket No. 344160), attached at p 3: After

acknowledging the holding in *Beck* that a sentencing court cannot find by a preponderance of the evidence that a defendant engaged in conduct for which he was acquitted, this Court held that OV 12 should be scored at zero points because the trial court had "assessed five points for OV 12 based entirely on defendant's acquitted conduct."

Due process bars a sentencing court from scoring offense variables of the sentencing guidelines based on its own finding by a preponderance of the evidence that a defendant engaged in conduct of which he was acquitted.

For the same reasons discussed in *Beck* and the decisions from this Court, the sentencing judge violated Mr. Fischer's due process rights by assessing ten points for OV 12 based, in part, on acquitted conduct. OV 12 is correctly scored at five or zero points, depending on whether the "second home invasion" the court found had occurred is in fact a separate crime from the sentencing offense, see Issue I of Defendant-Appellant's Brief on Appeal, or part of a continuous course of conduct. See *People v Carter,* 503 Mich 221, 227 (2019) (holding that two of the three shots fired could not be scored under OV 12 because they were part of the sentencing offense, "[g]iven that . . . the prosecution relied on all three gunshots as evidence of defendant's intent to commit murder or inflict great bodily harm").

### D.    OV 19

OV 19 was scored at 15 points. SIR, Appendix D. A 15-point assessment is appropriate where "[t]he offender used force or the threat of force against another person or the property of another person to interfere with, attempt to interfere with, or that results in the interference with the administration of justice or the rendering of emergency services." MCL 777.49(b). Neither counsel nor the court discuss OV 19 at the sentencing hearing; however, the PSIR states that "OV 19 is scored at 15 points due to Mr. Fischer's threat of death if the victim called the police." See PSIR, Evaluation and Plan pg. 1. The record at trial does not support this claim. Ms. Miner

never testified that Mr. Fischer threatened to kill or harm her if she called the police, and no other evidence supported such a conclusion. On the contrary, during the 911 call, when Ms. Miner told Mr. Fischer she was going to call the police, he can be heard telling her to "go ahead." T2, 78; P x 22.

Moreover, if OV 19 was scored at 15 points based on the evidence in the record offered in support of Count II: interference with a crime report, that score would still be incorrect. As discussed above, Mr. Fischer was acquitted of interfering with a crime report. "[D]ue process bars sentencing courts from finding by a preponderance of the evidence that a defendant engaged in conduct of which he was acquitted." *Beck, supra,* slip op at 22. OV 19 was improperly scored at 15; the correct score for OV 19 is 10 points.[7]

### E.      Need for Resentencing

At sentencing, Mr. Fischer's total PRV score was calculated at 55 points, placing him in Level E. SIR, Appendix D. His total OV score was calculated at 80 points, placing him in Level VI. Appendix D. And as Mr. Fischer was sentenced as a fourth habitual offender, the guidelines range was calculated at 99 to 320 months. Appendix D.

Correcting PRV 5 from 15 points to 5 points would reduce the total PRV score to 45 and the PRV level to D. MCL 777.63. This correction alone would result in a new guidelines range of 84 to 280 months.

Correcting all three OV errors would reduce the total OV score to 60 (or 55) points and the OV level to V. MCL 777.63. These three OV corrections would result in a new guidelines range of 87 to 290 months. Additionally, as OV Level V on the sentencing grid for Class B offenses

---

[7] Mr. Fischer concedes that a 10-point score is appropriate based on the conduct underlying his conviction for resisting and obstructing a police officer.

encompasses 50 to 74 points, correcting OV 10 or OV 12 on their own would change the OV level. Correcting OV 19 from 15 to 10 points would not, on its own, alter the OV level, but could in combination with any of the other OV errors.

If both the PRV and OV levels are corrected (from E-VI to D-V), the new guidelines range would be 78 to 260 months. And, when scored appropriately for a second habitual offender, see Issue II, the correct range is 78 to 162 months (as opposed to 99 to 320 months).

A defendant is constitutionally and statutorily entitled to be sentenced based on accurate information, including an accurate sentencing guidelines range. US Const, Ams V, XIV; *Townsend v Burke*, 334 US 736 (1948); Const 1963, Art 1, § 17; MCL 769.34(10); *People v Francisco,* 474 Mich 82, 89, 91, 92 (2006). Since the error in scoring Mr. Fischer's guidelines, if corrected, would lead to a different recommended minimum sentence range, resentencing is required. *Francisco,* 474 Mich at 88-89. Mr. Fischer's minimum sentence of 15 years (180 months) for home invasion first degree is in excess of the correct guidelines range, representing an unacknowledged upward departure. *People v Kimble*, 470 Mich 305, 310-312 (2004). Remand is therefore necessary.

### F.    Ineffective Assistance of Counsel

Mr. Fischer was entitled to the effective assistance of counsel at sentencing, which includes objecting to errors in the calculation of the sentencing guidelines. *Glover v United States*, 531 US 198 (2001); *People v Harmon,* 248 Mich App 522, 530-531 (2001).

To establish ineffectiveness, a defendant must demonstrate that counsel's performance fell below an objective standard of reasonableness, and that the representation so prejudiced the defendant as to deprive him of a fair trial. *Strickland v Washington*, 466 US at 668, 687 (1984). To show prejudice, the defendant must demonstrate a "reasonable probability" that the result of

the proceeding would have been different absent counsel's errors. *Id*. at 694.

Counsel performed deficiently by failing to object to the erroneous scoring of the guidelines at the time of sentencing. There is no strategic reason for an attorney to allow his client to be sentenced based on an inflated and inaccurate guidelines range, and there is more than a reasonable probability that the court would have imposed a lower sentence but for this error. Where the result is a higher guidelines range, the error is prejudicial, and resentencing is required. *Strickland*, *supra*.

## <u>SUMMARY AND REQUEST FOR RELIEF</u>

**WHEREFORE**, for the foregoing reasons, Gary Thomas Fischer asks that this

Honorable Court remand this case to the trial court for a resentencing.

Respectfully submitted,

**STATE APPELLATE DEFENDER OFFICE**

/s/ Katherine L. Marcuz

BY:_____

**Katherine L. Marcuz (P76625)**
Assistant Defender
3300 Penobscot Building
645 Griswold
Detroit, Michigan  48226
(313) 256-9833

**Colleen Anderson**
Law Student
University of Michigan Law School

**Jackson Powers**
Law Student
University of Michigan Law School

Dated:  January 22, 2019

**<u>Index of Appendices</u>**

| A | Judgment of Sentence |
|---|---|
| B | Felony Information |
| C | Amended Felony Information |
| D | Sentencing Information Report |
| E | 16th District Court Register of Actions, #94L00356CD |
| F | 67th District Court Register of Actions, #FY01000458 |

**Appendix A**
Judgment of Sentence

Original - Court      3rd Copy - Defendant      Michigan State Police CJIS
Approved, SCAO      1st copy - Corrections      4th copy - Defendant
2nd copy - Corrections (for return)      5th copy - Prosecutor      **PAGE**   1

| STATE OF MICHIGAN<br>44TH JUDICIAL CIRCUIT<br>LIVINGSTON COUNTY | JUDGMENT OF SENTENCE<br>COMMITMENT TO<br>DEPARTMENT OF CORRECTIONS | CASE NO.<br>18-025329-FH-G |
|---|---|---|

ORI    Court Address   204 S HIGHLANDER, HOWELL 48843     Court Telephone no.
MI-470015J               /BRIGHTON DIVISION-224 N FIRST
Police Report No. 4827488-18     BRIGHTON, MI 48116           517-546-9816

| THE PEOPLE OF THE STATE OF MICHIGAN | v | Defendant's name, address, and telephone no.<br>GARY THOMAS FISCHER<br>93 CRANBERRY BEACH BLVD<br>WHITE LAKE, MI 48386 |
|---|---|---|

| | CTN/TCN<br>471800234201 | SID<br>2151380M | DOB<br>6/05/73 |
|---|---|---|---|

| Prosecuting attorney's name     Bar no.<br>VAILLIENCOURT,WILLIAM J.,JR.    39115 | Defendant attorney's name     Bar no.<br>SIZEMORE,ROLLAND,III      52758 |
|---|---|

## THE COURT FINDS:

1. The defendant was found guilty on     <u>3/05/19</u>     of the crime(s) stated below.
                                  Date

| Count | CONVICTED BY | | | DISMISSED BY* | CRIME | CHARGE CODE(S)<br>MCL citation/PACC code |
|---|---|---|---|---|---|---|
| | Plea* | Court | Jury | | | |
| 1 | | | X | | HOME INVASION-1ST DEGREE | 750.110A2 |
| 2 | | | | D | INTERF.W/CRIME RPT DO CR | 750.483A2B |
| 3 | | | X | | POL OFF-ASSAULT/RESIST | 750.81D1 |
| 4 | | | X | | ASSAULT AGGRAVATED | 750.81A |
| | | X | | | HABITUAL OFFENDER 4TH CON | 769.12 |

*Insert "G" for guilty plea, "NC" for nolo contendere, or "MI" for guilty but mentally ill, "D" for dismissed by
court, or "NP" for dismissed by prosecutor/plaintiff.

☐ 2. The conviction is reportable to the Secretary of State under MCL 257.625(21)(b).

      Defendant's driver's license number

☐ 3. HIV testing and sex offender registration are completed.
☐ 4. The defendant has been fingerprinted according to MCL 28.243.
☐ 5. A DNA sample is already on file with the Michigan State Police from a previous case. No
     assessment is required.

## IT IS ORDERED:

☐ 6. Probation is revoked.
7. Participating in a special alternative incarceration unit is ☐ prohibited. ☐ permitted.
8. The defendant is sentenced to custody of the Michigan Department of Corrections. This
    sentence shall be executed immediately.

| Count | SENTENCE<br>DATE | MINIMUM | | | MAXIMUM | | | DATE SENTENCE<br>BEGINS | JAIL CREDIT | | OTHER INFORMATION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Years | Mos. | Days | Years | Mos. | Days | | Mos. | Days | |
| 1 | 4/04/19 | 15 | | | 50 | | | 4/04/19 | | 198 | |
| 3 | 4/04/19 | 1 | | | | | | 4/04/19 | | 198 | JAIL |
| 4 | 4/04/19 | 1 | | | | | | 4/04/19 | | 198 | JAIL |

☐ 9. Sentence(s) to be served consecutively to (If this item is not checked, the sentence is concurrently)
     ☐ each other.   ☐ case numbers
10. The defendant shall pay:
                          $130.00 CRIME VICTIM RIGHTS       $186.00 STATE COSTS
        $550.00 COSTS EFFECTIVE 10/17/14     $60.00 DNA 7-1-15        $926.00 TOTAL

*(stamp: 2019 APR -9 AM 8:42 LIVINGSTON COUNTY CLERK)*

**SEE NEXT PAGE**

CC 219b (3/16) **JUDGMENT OF SENTENCE, COMMITMENT TO DEPARTMENT OF CORRECTIONS**
MCL 765.15(2), MCL 769.1k, MCL 769.16a, MCL 775.22, MCL 780.766, MCR 6.427

| 1st ⸢py⸣ - Corrections | 4t ⸢py⸣ - Defendant |
| 2nd ⸢copy⸣ - Corrections (for return) | 5th ⸢copy⸣ - Prosecutor |

Approved, SCAO

| STATE OF MICHIGAN<br>44TH JUDICIAL CIRCUIT<br>LIVINGSTON COUNTY | JUDGMENT OF SENTENCE<br>COMMITMENT TO<br>DEPARTMENT OF CORRECTIONS | CASE NO.<br>18-025329-FH-G |

$926.00 BALANCE

The due date for payment is **4/04/19**. Fine, costs, and fees not paid within 56 days of the due date are subject to a 20% late penalty on the amount owed.

☐ 11. The defendant is subject to lifetime monitoring under MCL 750.520n.

12. Court recommendation:
RESTITUTION RESERVED

---

Date **4-8-19**

Judge **J. SUZANNE GEDDIS**

Bar no. **35307**

I certify that this is a correct and complete abstract from the original court records. The sheriff shall, without needless delay, deliver the defendant to the Michigan Department of Corrections at a place designated by the department.

(SEAL)

Deputy court clerk

**LAST PAGE**

CC 219b (3/16) **JUDGMENT OF SENTENCE, COMMITMENT TO DEPARTMENT OF CORRECTIONS**
MCL 765.15(2), MCL 769.1k, MCL 769.16a, MCL 775.22, MCL 780.766, MCR 6.427

**Appendix B**
Felony Information

*Hatty*                                         *18 25329 FH*

2018002342 kl

| STATE OF MICHIGAN 53H JUDICIAL DISTRICT 44th JUDICIAL CIRCUIT | INFORMATION FELONY | CASE NO.: 2018002342 DISTRICT: *18-2382-FY* CIRCUIT: |
|---|---|---|

| District Court ORI: MI- MI470025J THE JUDICIAL CENTER 204 S. HIGHLANDER WAY HOWELL, MI 48843 517-548-1000 | Circuit Court ORI: MI- 44TH THE JUDICIAL CENTER 204 S HIGHLANDER WAY HOWELL, MI 48843 517-546-9816 |
|---|---|

| THE PEOPLE OF THE STATE OF MICHIGAN | V | Defendant's name and address GARY THOMAS FISCHER W/M 93 CRANBERRY BEACH BLVD WHITE LAKE, MI, 48386 | Victim or complainant HEATHER MINER |
|---|---|---|---|
| | | | Complaining Witness |

| Co-defendant(s) | Date: On or about 09/18/2018 |
|---|---|

| City/Twp./Village HOWELL CITY | County in Michigan LIVINGSTON | Defendant TCN I918205995J | Defendant CTN 47-18002342-01 | Defendant SID 2151380M | Defendant DOB 06/05/1973 |
|---|---|---|---|---|---|
| Police agency report no. 482 7488-2018 | Charge See below | DLN Type: | Vehicle Type | Defendant DLN F 260 271 792 422 | |

[X ] A sample for chemical testing for DNA identification profiling is on file with the Michigan State Police from a previous case.
Witnesses

SGT FOGO
DEPUTY MCNAMARA

OFFICER VALLANCE
HEATHER MINER

DEPUTY BURKE

EXTRADITION MICH ONLY

STATE OF MICHIGAN, COUNTY OF LIVINGSTON
IN THE NAME OF THE PEOPLE OF THE STATE OF MICHIGAN: The prosecuting attorney for this County appears before the court and informs the court that on the date and at the location described above, the defendant:

**COUNT 1:** HOME INVASION - 1ST DEGREE
did break and enter, or did enter without permission a dwelling located at 1629 Welland St., and, while entering, present in, or exiting did commit an assault, and while entering, present in, or exiting the dwelling Heather Miner, was lawfully present therein; contrary to MCL 750.110a(2).  [750.110A2]
FELONY:  20 Years and/or $5,000.00.  A consecutive sentence may be imposed for any other conviction arising out of the same transaction.

**COUNT 2:** INTERFERING WITH CRIME REPORT - COMMITTING CRIME/THREATENING TO KILL OR INJURE
did , through the unlawful use of physical force, prevent or attempt to prevent another person from reporting a crime committed or attempted by another person, and the violation involved committing or attempting to commit Home Invasion First Degree against a person; contrary to MCL 750.483a(2)(b).  [750.483A2B]
FELONY:  10 Years and/or $20,000.00.  A consecutive sentence may be imposed for any other conviction.

SEE PAGE 2 FOR COUNT 3 & 4 AND HABITUAL OFFENDER NOTICE

2018 NOV -1  PH 2: 55

**PAGE 2 OF 2**

**COUNT 3:** POLICE OFFICER - ASSAULTING/RESISTING/OBSTRUCTING
did assault, batter, wound, resist, obstruct, oppose, or endanger Sgt. Fogo, a police officer of Howell Police
Department that the defendant knew or had reason to know was performing his or her duties; contrary to MCL
750.81d(1).  [750.81D1]
FELONY:  2 Years and/or $2,000.00.  A consecutive sentence may be imposed under MCL 750.506a if the assault
was committed in a place of confinement, or under MCL 750.81d(6) for another violation arising from the same
transaction

**COUNT 4:** ASSAULT - AGGRAVATED
did make an assault without being armed with a weapon upon Heather Miner, and did inflict a serious or aggravated
injury upon said person, but without intending to commit the crime of murder or to inflict great bodily harm less than
the crime of murder ; contrary to MCL 750.81a(1).  [750.81A].
MISDEMEANOR:  1 Year and/or $1,000.00.  A consecutive sentence may be imposed under MCL 750.506a if the
assault  was committed in a place of confinement.

**HABITUAL OFFENDER - SECOND OFFENSE NOTICE**
     Take notice that the defendant was previously convicted of a felony or an attempt to commit a felony in that on or
about 1/12/2018, he or she was convicted of the offense of Stealing Retaining Finacial Transaction Device Without
Consent in violation of MCI 750.147N1 in the 44th Circuit Court for Livingston County, State of Michigan;
     Therefore, defendant is subject to the penalties provided  by MCL 769.10.  [769.10]
One and one-half times the maximum sentence on primary offense or a lesser term.  The maximum penalty cannot
be less than the maximum term for a first conviction.
Court shall order law enforcement to collect a DNA identification profiling sample before sentencing or disposition, if
not taken at arrest.

and against the peace and dignity of the State of Michigan.

Prosecuting Attorney

By: _____

10/31/18
Date

**MC 200  (3615)  FELONY SET, Information**

MCL 764.1 *et seq.*, MCL 766.1 *et seq.*, MCL 767.1 *et seq.*, MCR6.110

PROOF OF SERVICE
I certify that the foregoing document was served upon all
parties or their attorneys of record
at _____
on _____  20 ___
By: ☐ U.S. Mail          ☐ FAX
     ☐ Hand Delivered    ☐ Email
Signature: _____

**Appendix C**
Amended Felony Information



2018002342

| STATE OF MICHIGAN<br>53H 53RD DISTRICT COURT<br>44th JUDICIAL CIRCUIT COURT | **AMENDED** INFORMATION<br>FELONY | CASE NO.: 18-025329-FH<br>DISTRICT: 18-2382-FY<br>CIRCUIT: |
|---|---|---|

| District Court ORI- MI- **MI470025J**<br>THE JUDICIAL CENTER, Howell MI | Circuit Court ORI- MI-**MI470015J**<br>THE JUDICIAL CENTER, Howell MI, 48843 |
|---|---|

| | Defendant's name and address | Victim or complainant |
|---|---|---|
| THE PEOPLE OF THE<br>STATE OF MICHIGAN | V  GARY THOMAS FISCHER W M<br>93 CRANBERRY BEACH BLVD<br>WHITE LAKE, MI 48386 | **HEATHER MINER**<br>Complaining Witness |

| Co-defendant(s) | | | | | Date: On or about<br>09/18/2018 |
|---|---|---|---|---|---|

| City/Twp./Village<br>**HOWELL CITY** | County in Michigan<br>**Livingston** | TCN<br>**I918205995J** | Defendant CTN<br>**47-18002342-01** | Defendant SID<br>**2151380M** | Defendant DOB<br>**06/05/1973** |
|---|---|---|---|---|---|

| Police agency report no.<br>**482-7488-2018** | Charge<br>**See below** | DLN Type: | Vehicle Type | Defendant DLN<br>**F 260 271 792 422** |
|---|---|---|---|---|

**Witnesses**

| SGT FOGO<br>**DEPUTY MCNAMARA** | **OFFICER VALLANCE**<br>**HEATHER MINER** | **DEPUTY BURKE**<br>**911 REP** |
|---|---|---|

**EXTRADITION MICH ONLY**

**In the name of the people of the State of Michigan, County of Livingston,** the Prosecuting Attorney appears before the court and informs the court that on or about 09/18/2018, at ,  Livingston County, Michigan, the defendant:

**COUNT 1:  HOME INVASION - 1ST DEGREE**
did break and enter, or did enter without permission a dwelling located at 1629 WELLAND ST., and, while entering, present in, or exiting did commit an assault, and while entering, present in, or exiting the dwelling HEATHER MINER, was lawfully present therein; contrary to MCL 750.110a(2).  [750.110A2]
FELONY:  20 Years and/or $5,000.00.  A consecutive sentence may be imposed for any other conviction arising out of the same transaction.

**COUNT 2:  INTERFERING WITH CRIME REPORT - COMMITTING CRIME/THREATENING TO KILL OR INJURE**
did , through the unlawful use of physical force, prevent or attempt to prevent another person from reporting a crime committed or attempted by another person, and the violation involved committing or attempting to commit HOME INVASION FIRST DEGREE against a person; contrary to MCL 750.483a(2)(b).  [750.483A2B]
FELONY:  10 Years and/or $20,000.00.  A consecutive sentence may be imposed for any other conviction.

**COUNT 3:  POLICE OFFICER - ASSAULTING/RESISTING/OBSTRUCTING**
did assault, batter, wound, resist, obstruct, oppose, or endanger SGT. FOGO, a police officer of HOWELL POLICE DEPARTMENT that the defendant knew or had reason to know was performing his or her duties; contrary to MCL 750.81d(1).  [750.81D1]
FELONY:  2 Years and/or $2,000.00.  A consecutive sentence may be imposed under MCL 750.506a if the assault was committed in a place of confinement, or under MCL 750.81d(6) for another violation arising from the same transaction

**COUNT 4:  ASSAULT - AGGRAVATED**
did make an assault without being armed with a weapon upon HEATHER MINER, and did inflict a serious or aggravated injury upon said person, but without intending to commit the crime of murder or to inflict great bodily harm less than the crime of murder ; contrary to MCL 750.81a(1).  [750.81A].
MISDEMEANOR:  1 Year and/or $1,000.00.  A consecutive sentence may be imposed under MCL 750.506a if the assault  was committed in a place of confinement.

**SEE PAGE 2 FOR HABITUAL OFFENDER - FOURTH NOTICE**

**PAGE 2 OF 2**

**HABITUAL OFFENDER - FOURTH OFFENSE NOTICE**
    Take notice that the defendant was previously convicted of three or more felonies or attempts to commit felonies in that on or about 01/12/2018, he or she was convicted of the offense of FINANCIAL TRANSACTION DEVICE-STEALING/RETAINING WITHOUT CONSENT in violation of MCL 750.157N1; in the 4TH CIRCUIT Court for LIVINGSTON COUNTY, State of MICHIGAN;
    And on or about 05/30/2017, he or she was convicted of the offense of RECEIVING STOLEN PROPERTY in violation of ORC 2913.51A;  in the COURT OF COMMON PLEAS Court for DEFIANCE COUNTY, State of OHIO;
    And on or about 08/28/1998, he or she was convicted of the offense of ETHNIC INTIMIDATION in violation of MCL 750.147B;   in the 3RD CIRCUIT Court for WAYNE COUNTY, State of MICHIGAN;
    Therefore, defendant is subject to the penalties provided by MCL 769.12.  [769.12]
PENALTY:   Life if primary offense has penalty of 5 Years or more; 15 Years or less if primary offense has penalty under 5 Years.  The maximum penalty cannot be less than the maximum term for a first conviction.
Court shall order law enforcement to collect a DNA identification profiling sample before sentencing or disposition, if not taken at arrest.

*ON INFORMATION, BELIEF & OTHER EVIDENCE

**and against the peace and dignity of the State of Michigan.**

                                        Prosecuting Attorney

                                        by: _Pamela Maas_

___12/11/18_____                  Pamela Maas  P40452
Date:

**Appendix D**
Sentencing Information Report

## SENTENCING INFORMATION REPORT

**Offender:** Fischer, Gary Thomas    **SSN:** 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    **Workload:** 2314    **Docket Number:** 18025329-FH

**Judge:** The Honorable L Suzanne Geddis    **Bar No.:** P35307    **Circuit No.:** 44    **County:** 47

### Conviction Information

**Conviction PACC:** 750.110A2    **Offense Title:** Home Invasion - 1st Degree

**Crime Group:** Person    **Offense Date:** 09/18/2018

**Crime Class:** Class B    **Conviction Count:** 1 of 4    **Scored as of:** 09/18/2018

**Statutory Max:** Life    **Habitual:** 4th or subsequent    **Attempted:** No

### Prior Record Variable Score

**PRV1:** 0    **PRV2:** 20    **PRV3:** 0    **PRV4:** 0    **PRV5:** 15    **PRV6:** 10    **PRV7:** 10

**Total PRV:** 55

**PRV Level:** E

### Offense Variable

**OV1:** 10    **OV2:** 0    **OV3:** 10    **OV4:** 10    **OV5:** 0    **OV6:** 0    **OV7:** 0

**OV8:** 0    **OV9:** 0    **OV10:** 10    **OV11:** 0    **OV12:** 10    **OV13:** 10    **OV14:** 0

**OV16:** 5    **OV17:** 0    **OV18:** 0    **OV19:** 15    **OV20:** 0

**Total OV:** 80

**OV Level:** VI

### Sentencing Guideline Range

**Guideline Minimum Range :** 99 to 320

### Minimum Sentence

|  | **Months** | **Life** |
|---|---|---|
| **Probation:** |  | ☐ |
| **Jail:** |  |  |
| **Prison:** | 180 | ☐ |

**Sentence Date:** 04/04/2019

**Guideline Departure:** _____    **Consecutive Sentence:** _____

**Concurrent Sentence:** Yes

**Sentencing Judge:** _____    **Date:** _____

**Prepared By:** WALKER, AMY L

**Appendix E**
16th District Court Register of Actions,
#94L00356CD

| STATE OF MICHIGAN<br>16TH JUDICIAL DISTRICT<br>ORI820085J | REGISTER OF ACTIONS | CASE NO: 94L00356CD D01 OD<br>X-REFERENCE #: 94000919<br>STATUS: CLSD 01/19/94 |
|---|---|---|

JUDGE OF RECORD:
                                    JUDGE: MCCANN,JAMES R., P-17278
LIVONIA v
                                                    CTN:
    FISCHER/GARY/THOMAS                             TCN:
    14214 DEERING                                   SID:
    LIVONIA      MI 48154                    ENTRY DATE: 01/13/94
                                           OFFENSE DATE: 11/06/93
                                            ARREST DATE:
                          VEHICLE TYPE:            VPN:
DOB: 06/05/1973  SEX: M  RACE: W  DLN: MI F260271792422  CDL:
VEH YR:    VEH MAKE:        VIN:              PAPER PLATE:

| OFFICER: HOYE/JOHN/ | DEPT: LPD |
|---|---|
| PROSECUTOR: TATIGIAN,HARRY C.,<br>VICTIM/DESC: | P-21278<br>VENUE: LIVONIA |

CNT: 01 C/M/F: M  023                ORD#010.36030A
OPERATING WHILE IMPAIRED
ARRAIGNMENT DATE:        PLEA:   PLEAD GUILTY   PLEA DATE:
FINDINGS:  DSP GLTY PL   DISPOSITION DATE: 01/19/94
SENTENCING DATE:  03/10/94

| FINE | COST ST.COST | CON | MISC. | REST | TOT FINE | TOT DUE |
|---|---|---|---|---|---|---|
| 0.00 | 0.00    0.00 | 0.00 | 20.00 | 0.00 | 20.00 | 20.00 |

        JAIL SENTENCE:          PROBATION: 12 MONTHS
        OPTIONAL JAIL:   5 DAYS  PROBATION END DATE: 03/10/95
VEH IMMOB START DATE:        NUMBER OF DAYS:      VEH FORFEITURE:

| DATE | ACTIONS, JUDGMENTS, CASE NOTES | INITIALS |
|---|---|---|
| 11/06/93 | | |
| 1 | ORIGINAL CHARGE       IMPAIRED | MLP |
| 01/10/94 | | |
| 1 | AUTHORIZATION OF COMPLAINT DATE | MLP |
| | PROS TATIGIAN,HARRY C.,                     P-21278 | MLP |
| 01/12/94 | | |
| 1 | COMPLAINT ISSUANCE DATE | MLP |
| 01/13/94 | | |
| | MISCELLANEOUS ACTION     ALL COUNTS | MLP |
| | ADJOURNED FOR ARRAIGNMENT 011494  900A  EPLER,DENNIS E.,  P-42341 | MLP |
| 01/18/94 | | |
| 1 | NOTICE OF NON-COMPLIANCE  IMPAIRED | MLP |
| 01/19/94 | | |
| 1 | PRE-TRIAL HELD | JAT |
| | JDG  MCCANN,JAMES R.,                      P-17278 | JAT |
| | PLEAD GUILTY | JAT |
| | DISPOSED ON GUILTY PLEA | JAT |
| | SENTENCE | JAT |
| | LICENSE SUSPENDED              090D | JAT |
| | SUSPENSION WITH RESTRICTIONS   090D | JAT |
| 1 | LICENSE RESTRICTION INFORMATION ENTERED | |
| | IMPAIRED | JAT |
| | MAG  EPLER,DENNIS E.,                      P-42341 | JAT |

NAME: FISCHER/GARY/THOMAS          CASE NO: 94L00356CD    PAGE   2

| DATE | ACTIONS, JUDGMENTS, CASE NOTES | | | INITIALS |
|---|---|---|---|---|
| | ALCOHOL/DRIVING PGM - MAY DRIVE TO AND FROM PROGRAM | | | JAT |
| | DRIVE TO PROBATION   - MAY DRIVE TO/FROM PROBATION | | | JAT |
| | DRIVE TO COMM SERV  - MAY DRIVE TO/FROM COMMUNITY SERVICE | | | JAT |
| | AFFIDAVIT AND ORDER FOR RESTRICTED LICENSE GENERATED | | | |
| | 090D | | | JAT |
| | AFFIDAVIT AND ORDER FOR RESTRICTED LICENSE GENERATED | | | |
| | IMPAIRED      090D | | | JAT |
| | JDG  MCCANN,JAMES R., | | P-17278 | JAT |
| | AFFIDAVIT AND ORDER FOR RESTRICTED LICENSE GENERATED | | | |
| | IMPAIRED      090D | | | JAT |
| | AFFIDAVIT AND ORDER FOR RESTRICTED LICENSE GENERATED | | | |
| | IMPAIRED      090D | | | JAT |
| | ABSTRACT GENERATED      SEQ:  14328 | | | |
| | NOTICE OF NON-COMPLIANCE  IMPAIRED | | | |
| | PRE-TRIAL HELD   IMPAIRED | | | BAK |
| | ADJOURNED FOR SENTENCING  031094  900A  MCCANN,JAMES R., | | P-17278 | BAK |
| 03/10/94 | | | | |
|  1 | SENTENCE HEARING HELD | | | EAH |
| | JDG  MCCANN,JAMES R., | | P-17278 | EAH |
| | SUPPLEMENTAL SENTENCING | $    770.00 | | EAH |
| | ORDINANCE FINE | $    501.00 | | EAH |
| | STATE COST - 1993 | $      4.00 | | EAH |
| | PROBATION OVERSIGHT FEES | $    180.00 | | EAH |
| | STATE COSTS ($5.00 JFEE) | $      5.00 | | EAH |
| | CRIME VICTIM RIGHTS ASSESSMENT | $     20.00 | | EAH |
| | PROBATION OVERSIGHT FEES-2 | $     60.00 | | EAH |
| | ADJOURNED TO PAY      031095 | | | EAH |
| | OPTIONAL JAIL TERM | 010D | | EAH |
| | COMMITTED | | | EAH |
| | LIVONIA CITY JAIL | | | EAH |
| | PROBATION | 012M | | EAH |
| | ADJOURNED FOR REVIEW    030995 | | | EAH |
| | ATTEND COURT REFERRAL PROGRAM | | | EAH |
| | MISCELLANEOUS ACTION    ALL COUNTS | | | BAN |
| | SUPPLEMENTAL SENTENCING | $    750.00- | | BAN |
| | JAIL | | | BAN |
| | SERVING JAIL TIME IN LIEU OF FINES & COSTS | | | BAN |
| | ORDINANCE FINE | $    501.00- | | BAN |
| | PROBATION OVERSIGHT FEES | $    180.00- | | BAN |
| | PROBATION OVERSIGHT FEES-2 | $     60.00- | | BAN |
| | STATE COSTS ($5.00 JFEE) | $      5.00- | | BAN |
| | STATE COST - 1993 | $      4.00- | | BAN |
| 03/14/94 | | | | |
|  1 | ABSTRACT GENERATED      SEQ:  16499 | | | |
| 08/31/94 | | | | |
|  1 | REMOVED FROM DOCKET     060894  845A | | | JFB |
| | JDG  MCCANN,JAMES R., | | P-17278 | JFB |
| | ADJOURNED FOR SHOWCAUSE HEARING | | | |
| | 092694  845A | | | SLF |
| 09/26/94 | | | | |
|  1 | PROBATION VIOLATION HEARING HELD | | | EAH |
| | JDG  MCCANN,JAMES R., | | P-17278 | EAH |
| | SUPPLEMENTAL SENTENCING | | | EAH |

NAME: FISCHER/GARY/THOMAS                CASE NO: 94L00356CD   PAGE   3

| DATE | ACTIONS, JUDGMENTS, CASE NOTES | INITIALS |
|------|-------------------------------|----------|
| | ENROLL IN CODA PROG/ | EAH |
| | OPTIONAL JAIL TERM                      005D | EAH |
| | COMMITTED | EAH |
| | LIVONIA CITY JAIL | EAH |
| 10/13/94 | | |
| 1 | ADJOURNED FOR SHOWCAUSE HEARING | |
| | 111494    845A | SLF |
| | JDG   MCCANN,JAMES R.,                   P-17278 | SLF |
| 11/07/94 | | |
| 1 | REMOVED FROM DOCKET       111494   845A | SLF |
| | JDG   MCCANN,JAMES R.,                   P-17278 | SLF |
| 12/08/94 | | |
| 1 | ADJOURNED FOR SHOWCAUSE HEARING | |
| | 122194    845A | SLF |
| | JDG   MCCANN,JAMES R.,                   P-17278 | SLF |
| 01/04/95 | | |
| 1 | BENCH WARRANT ISSUED-VIOLATION OF PROBATION | |
| | BW VIOL PROB | SLF |
| | JDG   MCCANN,JAMES R.,                   P-17278 | SLF |
| 01/09/95 | | |
| 1 | WARRANT RECALL FILED      WAR RECL FLD | SLF |
| | JDG   MCCANN,JAMES R.,                   P-17278 | SLF |
| | MISCELLANEOUS ACTION      IMPAIRED | BLB |
| | WARRANT RETURNED | BLB |
| 05/16/95 | | |
| 1 | PROBATION SATISFACTORILY COMPLETED | |
| | PROB SATIS | ALS |

***** END OF REGISTER OF ACTIONS ***** 10/09/19 10:53

**Appendix F**
67th District Court Register of Actions, #FY01000458



Home | Disclaimer |

 Return

### 67TH DISTRICT COURT

Return to Search

*For additional questions, please contact the Clerk's Office*

```
|STATE OF MICHIGAN    |                    | CASE NO: FYO1000458 D01 FY |
|   JUDICIAL DISTRICT|  REGISTER OF ACTIONS | X-REFERENCE #:  FYO100458M |
|ORI250095J          |                    | STATUS: CLSD    12/06/16   |
|PIN: 4597-10        |                    |                            |


                          JUDGE OF RECORD: HALEY,VIKKI BAYEH,    P-43811

                               JUDGE: HALEY,VIKKI BAYEH,    P-43811

STATE OF MICHIGAN v


    FISCHER/GARY/THOMAS
    3562 MARINER ST
    WATERFORD       MI 48329                ENTRY DATE: 12/02/16
                                         OFFENSE DATE: 04/13/10
                                          ARREST DATE:
                         VEHICLE TYPE:        VPN:
DOB: 06/05/1973  SEX: M  RACE: W                CDL: U
VEH YR:      VEH MAKE:                        PAPER PLATE:


OFFICER: GILBERT/TODD            |DEPT: GRAND BLANC TOWNSHIP
                                 |
PROSECUTOR: LEYTON,DAVID S.,      |   P-35086
VICTIM/DESC:                      |


CNT: 01 C/M/F: M  33374042B                   PACC#333.74042B
CONT SUBS-USE
   REDUCED FROM
CNT: 01 C/M/F: F  33374032B-A                 PACC#333.74032B-A
CONT SUBS-POSSESSION/ANALOGUES
ARRAIGNMENT DATE: 06/02/10  PLEA:    PLEAD GUILTY  PLEA DATE: 06/16/10
FINDINGS: DSP GLTY PL   DISPOSITION DATE: 06/16/10
SENTENCING DATE: 12/06/16
     FINE       COST ST.COST    CON    MISC.    REST   TOT FINE    TOT DUE
     0.00       0.00   0.00    0.00    0.00    0.00      0.00       0.00
     JAIL SENTENCE:  5 DAYS  PROBATION:
  VEH IMMOB START DATE:         NUMBER OF DAYS:      VEH FORFEITURE:


BOND HISTORY:
     20,000.00   CASH OR SURETY  BOND SET
```

```
      CNT: 02 C/M/F: M  33374042B                      PACC#333.74042B
      CONT SUBS-USE
         REDUCED FROM
      CNT: 02 C/M/F: F  33374032B-A                    PACC#333.74032B-A
      CONT SUBS-POSSESSION/ANALOGUES
      ARRAIGNMENT DATE: 06/02/10  PLEA:    PLEAD GUILTY  PLEA DATE: 06/16/10
      FINDINGS:  DSP GLTY PL   DISPOSITION DATE: 06/16/10
      SENTENCING DATE: 12/06/16
           FINE      COST ST.COST    CON    MISC.    REST   TOT FINE   TOT DUE
           0.00      0.00   0.00    0.00    0.00    0.00      0.00      0.00
          JAIL SENTENCE:  5 DAYS   PROBATION:
        VEH IMMOB START DATE:          NUMBER OF DAYS:      VEH FORFEITURE:
```

```
      BOND HISTORY:
          20,000.00   CASH OR SURETY  BOND SET
```

| DATE | ACTIONS, JUDGMENTS, CASE NOTES | INITIALS |
|------|-------------------------------|----------|

```
      04/13/10
        1  ORIGINAL CHARGE       POSS ANALOGU                        NAL
```

```
      NAME: FISCHER/GARY/THOMAS           CASE NO: FYO1000458   PAGE  2
```

| DATE | ACTIONS, JUDGMENTS, CASE NOTES | INITIALS |
|------|-------------------------------|----------|

```
      05/27/10
        1  AUTHORIZATION OF COMPLAINT DATE                          NAL
           PROS LEYTON,DAVID S.,                        P-35086  NAL
           COMPLAINT ISSUANCE DATE                                 NAL
           WARRANT SIGNED & ISSUED                                 NAL
           JDG  ODETTE,CHRISTOPHER                       P-27387  NAL
        2  MISCELLANEOUS ACTION     POSS ANALOGU                    NAL
           ADDED CHARGE            POSS ANALOGU                     NAL
      06/02/10
           MISCELLANEOUS ACTION     ALL COUNTS                      NAL
           WARRANT CANCELED FROM LEIN                               NAL
           WALKIN/NORMAN/41688893                                   NAL
           ARRAIGNMENT HELD       ALL COUNTS                        NAL
           JDG  GOGGINS,DAVID J.,                        P-43842  NAL
           SCHEDULED FOR PRE-TRIAL  061110  830A STECCO,LARRY J.,   P-20929  NAL
           NO DRUGS OR ALCOHOL                                      NAL
           RANDOM TESTING                                           NAL
        1  MISCELLANEOUS ACTION     POSS ANALOGU                    NAL
           PERSONAL                                                 NAL
           BOND SET                             $   2500.00  060210  NAL
        2  MISCELLANEOUS ACTION     POSS ANALOGU                    NAL
           PERSONAL                                                 NAL
           BOND SET                             $   2500.00  060210  NAL
        2  MISCELLANEOUS ACTION     POSS ANALOGU                    NAL
           SCHEDULED FOR PRELIMINARY EXAMINATION
                                     061610  830A STECCO,LARRY J.,   P-20929  NAL
      06/16/10
        1  PROCEEDING HELD         POSS ANALOGU                     NAL
           JDG  STECCO,LARRY J.,                         P-20929  NAL
           REDUCED CHARGE          CONT SUB USE                     NAL
```

```
                    PLEAD GUILTY                                                 NAL
                    DISPOSED ON GUILTY PLEA                                      NAL
                    CER 6149 SUSAN DECOURVAL- COURT RECORDER                     NAL
                    ADVISED OF RIGHTS                                            NAL
                2   PROCEEDING HELD         POSS ANALOGU                         NAL
                    REDUCED CHARGE          CONT SUB USE                         NAL
                    PLEAD GUILTY                                                 NAL
                    DISPOSED ON GUILTY PLEA                                      NAL
                    CER 6149 SUSAN DECOURVAL- COURT RECORDER                     NAL
                    MISCELLANEOUS ACTION    ALL COUNTS                           NAL
                    SCHEDULED FOR SENTENCING 081210 830A STECCO,LARRY J.,  P-20929 NAL
                1   MISCELLANEOUS ACTION    CONT SUB USE                         NAL
                    FELONY REDUCED TO MISDEMEANOR                                NAL
                2   MISCELLANEOUS ACTION    CONT SUB USE                         NAL
                    FELONY REDUCED TO MISDEMEANOR                                NAL
        08/20/10
                    MISCELLANEOUS ACTION    ALL COUNTS                           NAL
                    JDG STECCO,LARRY J.,                               P-20929 NAL
                    CASH OR SURETY                                               NAL
                    BOND SET                               $ 40000.00  082010 NAL
                    CASE SENT TO WARRANTS                                        NAL
                    MISCELLANEOUS ACTION    ALL COUNTS                           NAL
                    CASH OR SURETY                                               NAL


        NAME: FISCHER/GARY/THOMAS            CASE NO: FYO1000458   PAGE  3

        ─────────────────────────────────────────────────────────────────────
        DATE                      ACTIONS, JUDGMENTS, CASE NOTES      INITIALS
        ─────────────────────────────────────────────────────────────────────
                    BOND SET                               $ 40000.00  082010 NAL
                    BENCH WARRANT ISSUED-FAILED TO APPEAR                       NAL
                    CASE RECEIVED AT LEIN DESK                                  NAL
                    ATWELL/FTA C/S $40000                                       NAL
        12/02/16
                    FILING DATE             052710                              NAL
                2   MISCELLANEOUS ACTION    POSS ANALOGU                        NAL
                    NOTICES/PENALTIES STOPPED                                   NAL
                1   MISCELLANEOUS ACTION    POSS ANALOGU                        NAL
                    NOTICES/PENALTIES STOPPED                                   NAL
                    MISCELLANEOUS ACTION    ALL COUNTS                          NAL
                    WARRANT CANCELED FROM LEIN                                  NAL
                    LODGED/SERGENT/41842198                                     NAL
                    ARRAIGNMENT ON BENCH WARRANT HELD                           NAL
                                            ALL COUNTS                          NAL
                    JDG MANLEY,JENNIFER J.,                            P-59603 NAL
                    SCHEDULED FOR SENTENCING 120616 830A HALEY,VIKKI BAYEH, P-43811 NAL
                1   MISCELLANEOUS ACTION    CONT SUB USE                        NAL
                    CASH OR SURETY                                              NAL
                    BOND SET                               $ 20000.00           NAL
                2   MISCELLANEOUS ACTION    CONT SUB USE                        NAL
                    CASH OR SURETY                                              NAL
                    BOND SET                               $ 20000.00           NAL
                    MISCELLANEOUS ACTION    ALL COUNTS                          NAL
                    CER 8209 KATRINA JENNINGS- COURT RECORDER                   NAL
                    MISCELLANEOUS ACTION    ALL COUNTS                          NAL
                    TRANSFERRED FROM GLINK                                      NAL
        12/06/16
                1   SENTENCE HEARING HELD    CONT SUB USE                       NAL
                    JDG HALEY,VIKKI BAYEH,                             P-43811 NAL
```

```
              SUPPLEMENTAL SENTENCING                                NAL
              CER 6149 SUSAN DECOURVAL- COURT RECORDER               NAL
              JAIL TERM                          005D                NAL
              CREDIT FOR TIME SERVED IN JAIL     005D                NAL
              COMMITTED                                              NAL
              COUNTY JAIL                                            NAL
              SENTENCE                                               NAL
        2     SENTENCE HEARING HELD     CONT SUB USE                 NAL
              SUPPLEMENTAL SENTENCING                                NAL
              CER 6149 SUSAN DECOURVAL- COURT RECORDER               NAL
              JAIL TERM                          005D                NAL
              CREDIT FOR TIME SERVED IN JAIL     005D                NAL
              COMMITTED                                              NAL
              COUNTY JAIL                                            NAL
              SENTENCE                                               NAL
              MISCELLANEOUS ACTION      ALL COUNTS                   NAL
              CRIMINAL HISTORY SENT                                  NAL
              MISCELLANEOUS ACTION      ALL COUNTS                   NAL
              SUPPLEMENTAL SENTENCING                                NAL
              //                                                     NAL
              CASE CLOSED                                            NAL
                ***** END OF REGISTER OF ACTIONS ***** 10/08/19 16:06
```

[Return to Search]