**STATE OF MICHIGAN**
**IN THE COURT OF APPEALS**

**PEOPLE OF THE STATE OF MICHIGAN,**

        Plaintiff/Appellee,

                    Court of Appeals No. 348539

*v.*

                    Livingston County
                    Circuit Court Case No. 18-025329-FH

**GARY THOMAS FISCHER,**

        Defendant/Appellant.

_____/

| | |
|---|---|
| William J. Vailliencourt, Jr. (P39115) | Katherine L. Marcuz (P76625) |
| Livingston County Prosecutor | Assistant Defender |
| 210 S. Highlander Way | 3300 Penobscot Building |
| Howell, Michigan 48843 | 645 Griswold |
| (517) 546-1850 | Detroit, Michigan 48226 |
| | (313) 256-9833 |

_____/

**People's Answer Opposing Motion to Remand**

      The People of the State of Michigan, for their Answer Opposing Motion to Remand, under MCR 7.211(B)(2)(a), state as follows:

    **1.**      Admitted that a Livingston County Circuit Court jury found defendant Gary Thomas Fischer guilty of first-degree home invasion, MCL 750.110a(2), resisting and obstructing a police officer, MCL 750.81d(1), and aggravated assault, MCL 750.81a(1). The jury acquitted the defendant of interfering with a crime report, MCL 750.483a(2)(b).[1]

    **2.**      Admitted that Defendant/Appellant received a sentence of 15 to 50 years as a habitual offender, 4th conviction, MCL 769.12.[2]

---

[1] JT-II-121.
[2] ST-14; Judgment of Sentence.

RECEIVED by MCOA 1/29/2020 2:37:50 PM

3.      Admitted that Defendant/Appellant filed an untimely brief asserting that he is entitled to resentencing; as a result, his motion to remand is also untimely.[3] MCR 7.211(C)(1)(a).

4.      Admitted that Defendant/Appellant accurately cites the argument he raises in his brief on appeal.

5.      Admitted that the original Information included a Habitual Offender, 2nd Offense, Notice, MCL 769.10, and the amended Information included a Habitual Offender, 4th Offense, Notice, MCL 769.12.

6.      Admitted that Defendant/Appellant accurately cites MCL 769.13, which governs time limits for filing sentencing enhancements under MCL 769.10, 769.11, and 769.12.

7.      Admitted that the amended Information, which included a sentencing enhancement under MCL 769.12, should have been filed within 21 days of the original Information, and that did not occur.

8.      Admitted that Defendant/Appellant accurately states the holdings found in *People v Hornsby*, 251 Mich App 462, 471; 650 NW2d 700 (2002) and *People v Johnson*, 495 Mich 919; 840 NW2d 373 (2013).

9.      Admitted that Defendant/Appellant is entitled to resentencing as a second habitual offender, MCL 769.10, as charged in the original Information.

---

[3] *People v Gary Thomas Fischer*, unpublished order of the Court of Appeals issued September 25, 2019 (Docket No. 348539) ("The motion to extend time to file appellant's brief is GRANTED until January 17, 2020." Under MCR 7.211(C)(1)(a), "Within the time provided for filing the appellant's brief, the appellant may move to remand to the trial court."

RECEIVED by MCOA 1/29/2020 2:37:50 PM

**10.**     Plaintiff/Appellee lacks knowledge or information sufficient to form a belief as to the truth of this allegation.

**11.**     Admitted that Defendant/Appellant accurately cites the argument he raises in his brief on appeal.

**12.**     Admitted that the trial court scored fifteen points for PRV 5, ten points for OV 10, ten points for OV 12, and fifteen points for OV 19. However, since Defendant is entitled to resentencing as a Habitual Offender, 2nd Offense, Notice, any issue of guidelines scoring is moot as the guidelines will be rescored prior to Defendant's resentencing. See *Barrow v Detroit Election Comm*, 305 Mich App 649, 659; 854 NW2d 489 (2014) ("We generally do not address moot questions or declare legal principles that have no practical effect in a case.").

**13.**     Admitted that Defendant/Appellant has accurately quoted MCL 777.55(1)(b), which governs the scoring of PRV 5. However, the Appellant's argument regarding the number of usable prior misdemeanor convictions can best be addressed by the circuit judge at Defendant's resentencing, which the prosecution concedes is necessary.

**14.**     Admitted that the majority of Defendant's prior misdemeanor convictions are for driving with a suspended license, and thus are not scoreable under PRV 5. MCL 777.55.

**15.**     Plaintiff/Appellee lacks knowledge or information sufficient to form a belief as to the truth of this allegation.

RECEIVED by MCOA 1/29/2020 2:37:50 PM

**16.**     Admitted that Defendant/Appellant accurately states the holdings found in *People v Reichenbach*, 459 Mich 109, 120; 587 NW2d 1 (1998), *People v Moore*, 391 Mich 426, 437-438; 216 NW2d 770 (1974), and *People v Alexander (After Remand)*, 207 Mich App 227; 523 NW2d 653 (1994).

**17.**     Admitted.

**18.**     Admitted.

**19.**     Admitted. However, the Appellant's arguments regarding the scoring of OV 10, OV 12, and OV 19 can best be addressed by the circuit judge at Defendant's resentencing, which the prosecution concedes is necessary.

**20.**     Plaintiff/Appellee lacks knowledge or information sufficient to form a belief as to the truth of this allegation. Additionally, this guidelines scoring issue can best be addressed by the circuit judge at Defendant's resentencing, which the prosecution concedes is necessary.

**21.**     Plaintiff/Appellee lacks knowledge or information sufficient to form a belief as to the truth of this allegation. Additionally, this guidelines scoring issue can best be addressed by the circuit judge at Defendant's resentencing, which the prosecution concedes is necessary.

**22.**     Plaintiff/Appellee lacks knowledge or information sufficient to form a belief as to the truth of this allegation. Additionally, this guidelines scoring issue can best be addressed by the circuit judge at Defendant's resentencing, which the prosecution concedes is necessary.

RECEIVED by MCOA 1/29/2020 2:37:50 PM

**23.**     Plaintiff/Appellee lacks knowledge or information sufficient to form a belief as to the truth of this allegation. Additionally, any issue of potential ineffective assistance of counsel regarding the original sentencing would be mooted by Defendant's resentencing, which the prosecution concedes is necessary.

**24.**     Admitted.

**25.**     Denied that a remand is necessary because the prosecution concedes that a resentencing is necessary, and two of the Defendant's three issues argue for resentencing. His first issue involves the right to a unanimous verdict, and that issue can be decided by this Court without a remand.

The People ask this Court to **deny** Defendant's motion to remand. The trial issue involving a unanimous verdict should be decided by this Court,[4] and, if this Court affirms Defendant's conviction, the Defendant's sentence can be vacated, and his case remanded for resentencing. If Defendant prevails on his trial issue, the sentencing issues will become moot. *Barrow v Detroit Election Comm*, 305 Mich App at 659. In either case, remand for a *Ginther* evidentiary hearing on ineffective counsel is unnecessary.

RECEIVED by MCOA 1/29/2020 2:37:50 PM

---

[4] Appellant claims that trial counsel failed to object to the prosecutor's remarks during closing argument and also failed to request a unanimity instruction (see Argument I-B). He requests a new trial based on ineffective counsel. But, Appellant has not requested a remand for an evidentiary hearing on his first issue. *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

Respectfully submitted,

WILLIAM J. VAILLIENCOURT, JR. (P39115)
LIVINGSTON COUNTY PROSECUTOR

**Dated:** 01/29/2020        /s/ *William M. Worden*

**William M. Worden (P39158)**
Assistant Prosecuting Attorney
210 S. Highlander Way
Howell, Michigan 48823
(517) 546-1850

RECEIVED by MCOA 1/29/2020 2:37:50 PM