STATE OF MICHIGAN
IN THE COURT OF APPEALS

**PEOPLE OF THE STATE OF MICHIGAN,**

      Plaintiff/Appellee,

                            Court of Appeals No. 348539

v.

                            Livingston County Circuit Court
                            Case No. 18-025329-FH

**GARY THOMAS FISCHER,**

      Defendant/Appellant.

_____/

| | |
|---|---|
| William J. Vailliencourt, Jr. (P39115) | Katherine L. Marcuz (P76625) |
| Livingston County Prosecutor | Assistant Defender |
| 210 S. Highlander Way | 3300 Penobscot Building |
| Howell, Michigan 48843 | 645 Griswold |
| (517) 546-1850 | Detroit, Michigan 48226 |
| appeals@livgov.com | (313) 256-9833 |

_____/

**People's Answer Opposing Defendant's Second Motion to Remand**

    The People of the State of Michigan, for their answer opposing Defendant's second motion to remand, under MCR 7.211(B)(2)(a), state as follows:

    **1.**    Admitted that a Livingston County Circuit Court jury found defendant Gary Thomas Fischer guilty of first-degree home invasion, MCL 750.110a(2), resisting and obstructing a police officer, MCL 750.81d(1), and aggravated assault, MCL 750.81a(1). The jury acquitted the defendant of interfering with a crime report, MCL 750.483a(2)(b).[1]

    **2.**    Admitted that Defendant/Appellant received a sentence of 15 to 50 years as a habitual offender, 4th conviction, MCL 769.12.[2]

---

[1] JT-II-121.
[2] ST-14; Judgment of Sentence.

    **3.**    Admitted that Defendant/Appellant filed a claim of appeal on April 17, 2019.

    **4.**    Denied that Defendant/Appellant's brief on appeal and first motion to remand were originally filed timely.[3] MCR 7.211(C)(1)(a). It took a second order of the Court extending the filing deadline to legitimize Defendant's brief on appeal and first motion for remand.[4]

    **5.**    Plaintiff/Appellee lacks knowledge or information sufficient to form a belief as to the truth of this allegation.

    **6.**    Plaintiff/Appellee lacks knowledge or information sufficient to form a belief as to the truth of this allegation.

    **7.**    Plaintiff/Appellee lacks knowledge or information sufficient to form a belief as to the truth of this allegation.

    **8.**    Plaintiff/Appellee lacks knowledge or information sufficient to form a belief as to the truth of this allegation.

    **9.**    Admitted that Defendant/Appellant has accurately stated the court rule, and in *People v LaPlaunt*, 217 Mich App 733, 735-737; 552 NW2d 692 (1996), after observing that defendant's motion was untimely, the Court remanded under

---

[3] *People v Gary Thomas Fischer*, unpublished order of the Court of Appeals issued September 25, 2019 (Docket No. 348539) ("The motion to extend time to file appellant's brief is GRANTED until January 17, 2020." Under MCR 7.211(C)(1)(a), "Within the time provided for filing the appellant's brief, the appellant may move to remand to the trial court." See **Exhibit A**.

[4] People v *Gary Thomas Fischer*, unpublished order of the Court of Appeals issued January 31, 2020 (Docket No. 348539) ("The motion to extend time to file appellant's brief is GRANTED until January 22, 2020. Thus, appellant's brief and appellant's motion to remand filed that date are accepted as timely filed."). See **Exhibit B**.

MCR 7.216(A)(5) to determine if a new trial was warranted on the basis of an alleged recantation. MCR 7.216 is not mentioned in *People v Mayes*, 433 Mich 894; 446 NW2d 481 (1989), however the Supreme Court reversed the Court of Appeals' denial of defendant's untimely remand motion, and ordered remand for an evidentiary hearing on a claim of ineffective assistance of counsel for not challenging the warrantless search of an automobile.

    10.    Denied that (**a**) impeachment evidence provides grounds for a new trial. *People v Grissom*, 492 Mich 296, 312-313; 821 NW2d 50 (2012). This is not newly-discovered evidence because the defendant knew what was in his own phone. If there was anything relevant or exculpatory, defendant could have, and should have, told his attorney. The issue is whether defendant had implied consent to enter the victim's home, and the victim affirmatively testified that Fischer never had ongoing permission to let himself in. Even if people are dating, they don't automatically get to enter the other person's home without consent. That issue was thoroughly explored at trial; (**b**) as far as the defendant not testifying, that had nothing to do with his convictions in the 1990s. Fischer was on probation in the 44th Circuit Court for stealing a financial transaction device and also was recently convicted in Ohio for receiving and concealing stolen property. These convictions were included in the prosecutor's MRE 609 notice in the circuit court file. Since both of these convictions were for theft felonies within two years before trial, they were admissible to impeach Fischer's credibility. Defendant understood he had the absolute right to testify, or not testify, and he chose to not testify ("That is my own

RECEIVED by MCOA 5/22/2020 2:05:43 PM

choice."). JT-II-50-51. Under oath, Defendant said that he and defense counsel had planned on Defendant testifying, but he talked to his family and some people in the jail, and Defendant's decision to not testify was based on the advice of counsel, the advice of his family, and other people he had talked to as well as his "own personal feelings." JT-II-51-52.; and (**c**) as for plea offers, the prosecutor considered making an offer after conferring with the victim, but defense counsel wanted county jail time. Since the expectations of the defense and the prosecution were far apart, the prosecutor never made a formal plea offer and the case proceeded to trial. Based on the jail logs provided by Appellant, defense counsel visited Fischer once in jail during the time frame given by Appellant. We do not know how many phone calls trial counsel and Fischer had. However, defendant had the opportunity to confer with counsel before trial during eight prior court appearances, including a preliminary examination.

11.    Denied that a remand for an evidentiary hearing / motion for new trial is necessary or appropriate. The Court of Appeals has already denied the defendant's first motion for remand.[5] There is no provision in the Michigan Court Rules for a second motion to remand, particularly where it is untimely filed. As to the merits, Appellant faults trial counsel for his alleged failure to conduct an investigation and present a defense, and yet it took the State Appellate Defender

---

[5] *People v Gary Thomas Fischer*, unpublished order of the Court of Appeals issued March 4, 2020 (Docket No. 348539) ("The Court orders that the motion to remand is DENIED for failure to persuade the Court of the necessity of a remand at this time. Denial of remand is without prejudice to a case call panel of this Court determining that remand is necessary once the case is submitted on a session calendar."). See **Exhibit C**.

more than 12 months—from time of appointment April 17, 2019 until May 5, 2020 when the second motion for remand was filed—to come up with an argument that does not even involve newly-discovered impeachment evidence. Additionally, this Court can deny remand without prejudice to the merits panel determining that remand is necessary once the case is submitted on a session calendar.[6]

WHEREFORE, the People respectfully ask this Court to **deny** Defendant / Appellant's second motion to remand.

Respectfully submitted,

WILLIAM J. VAILLIENCOURT, JR. (P39115)
LIVINGSTON COUNTY PROSECUTOR

**Dated:** 05/22/2020     /s/ *William M. Worden*

**William M. Worden (P39158)**
Assistant Prosecuting Attorney
210 S. Highlander Way
Howell, Michigan 48823
(517) 546-1850
bworden@livgov.com

---

[6] *Id.*

Page 5

*Livingston County Prosecutor's Office*

RECEIVED by MCOA 5/22/2020 2:05:43 PM

*** *<u>Exhibit A</u>* ***

RECEIVED by MCOA 5/22/2020 2:05:43 PM

# Court of Appeals, State of Michigan

## ORDER

**People of MI v Gary Thomas Fischer**

Docket No.     348539

LC No.         18-025329-FH

Christopher M. Murray, Chief Judge, acting under MCR 7.211(E)(2), orders:

The motion to extend time to file appellant's brief is GRANTED until January 17, 2020.

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

SEP 2 5 2019

Date

Chief Clerk

RECEIVED by MCOA 5/22/2020 2:05:43 PM

# *** *Exhibit B* ***

RECEIVED by MCOA 5/22/2020 2:05:43 PM

# Court of Appeals, State of Michigan

## ORDER

**People of MI v Gary Thomas Fischer**

Docket No.  348539

LC No.  18-025329-FH

Michael F. Gadola, Judge, acting under MCR 7.211(E)(2), orders:

The motion to extend time to file appellant's brief is GRANTED until January 22, 2020. Thus, appellant's brief and appellant's motion to remand filed that date are accepted as timely filed.

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

JAN 3 1 2020
Date

Chief Clerk

*** *<u>Exhibit C</u>* ***

RECEIVED by MCOA 5/22/2020 2:05:43 PM

# Court of Appeals, State of Michigan

# ORDER

People of MI v Gary Thomas Fischer

Docket No. 348539

LC No. 18-025329-FH

Stephen L. Borrello
Presiding Judge

Patrick M. Meter

Michael J. Kelly
Judges

The Court orders that the motion to remand is DENIED for failure to persuade the Court of the necessity of a remand at this time. Denial of remand is without prejudice to a case call panel of this Court determining that remand is necessary once the case is submitted on a session calendar.

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

MAR 0 4 2020
Date

Chief Clerk

RECEIVED by MCOA 5/22/2020 2:05:43 PM