UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY THOMAS FISCHER,

    Petitioner,

v.

JAMES SCHIEBNER,[1]

    Respondent.

CASE NO. 23-10518

HON. STEPHEN J. MURPHY, III

MAG. JUDGE ANTHONY P. PATTI

**Motion to Dismiss Petition for Failure to Exhaust Claims and Brief in Support**

**Motion**

Respondent moves this Court to dismiss this action because petitioner Gary Fischer failed to exhaust his state court remedies. In support of his motion, Respondent states:

---

[1] Fischer is currently incarcerated at the Parnall Correctional Facility. The warden of that facility is Noah Nagy. The only proper respondent in a habeas case is the petitioner's custodian; for an incarcerated state prisoner, that is the warden of the facility where the prisoner is incarcerated. *See Edwards v. Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *see also* Habeas Rule 2(a), 28 U.S.C. § 2254. Therefore, this Court should substitute Warden Nagy as the respondent in this case.

1. Fischer filed this action for habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254, through counsel, on March 3, 2023.

2. In his petition for habeas relief, Fischer raises one claim: his trial counsel was ineffective for failing to convey a plea offer.

3. In an order dated April 25, 2023, this Court ordered a responsive pleading to be filed by Respondent by September 26, 2023.

4. Fischer's claim that he was denied the effective assistance of counsel during plea bargaining was not raised in the Michigan Court of Appeals.

5. A habeas petitioner seeking relief from a state court conviction is required to first exhaust the remedies available to him in the state courts. 28 U.S.C. § 2254(b)(1)(A).

6. Because Fischer has failed to exhaust his state court remedies for his sole habeas claim, this Court should dismiss the petition. See Brief in Support.

Therefore, Respondent requests that this Court dismiss Fischer's petition for a writ of habeas corpus.

## Brief in Support

### A.     Statement of the Case

In September 2018, petitioner Gary Fisher entered Heather Miner's home in the middle of the night, tried to crawl into her bed while she slept, stole her phone when she tried to call the police, and struck her in the head.  After Miner fought back and the two ended up outside the home, Miner ran back into the house and locked all of the doors.  Undeterred, Fisher broke into the house again, continued to physically confront Miner, and then fled when the police arrived.

A Livingston County jury found Fischer guilty of first-degree home invasion, Mich. Comp. Laws § 750.110a(2), resisting a police officer, § 750.81d(1), and aggravated assault, § 750.81a.  The trial court originally sentenced Fisher, as a fourth habitual felony offender, to 15 to 50 years' imprisonment for his home-invasion conviction, and 1 year in jail each for his other two convictions.

Following his convictions and sentences, Fischer filed a claim of appeal in the Michigan Court of Appeals.  In a brief filed with the assistance of an attorney, he raised the following claims:

> I. Where the prosecution offered separate and distinct acts to support a guilty verdict for home invasion first degree, the trial court violated Mr. Fischer's constitutionally guaranteed right to a unanimous verdict by failing to give a special unanimity instruction. Additionally, Mr. Fischer was deprived of his constitutional right to effective assistance of counsel by trial counsel's failure to object to the prosecutor's argument and failure to request a specific jury instruction on unanimity.
>
> II. Mr. Fischer is entitled to resentencing under state and federal due process requirements, where the prosecutor amended the habitual offender notice to increase Mr. Fischer's sentence enhancement from a habitual second to a habitual fourth outside the 21-day period provided by MCL 769.13. Further, trial counsel was ineffective for failing to object to the untimely amendment.
>
> III. Mr. Fischer is entitled to resentencing under state and federal due process requirements, where errors in scoring the prior record and offense variables resulted in a higher sentencing guidelines range. Further, trial counsel was ineffective for failing to object to the erroneous scoring at sentencing.

Fischer also filed a pro per brief pursuant to Standard 4 of Michigan Supreme Court Administrative Order No. 2004-6, in which he raised the following claim:

> I. The trial court abused its discretion when it unequivocally denied a reasonable request for the very specific testimony of the state's only victim and further when it foreclosed the possibility of fulfilling this reasonable request in the near future as it was clear that the jury had some confusion about the victim's testimony, resulting in an inaccurate verdict denying the defendant of his right to the due process of law

4

> as guaranteed by the Fourteenth Amendment of both the state and federal constitutions.

In three separate pleadings, Fisher also filed, through his attorney, three motions to remand. The first was filed contemporaneously with his original brief; it sought remand to further develop the record regarding his claims that counsel was ineffective for failing to object to the untimely amendment and for failing to object to the sentencing guidelines scoring. (1/22/20 Mot. to Remand.) The Michigan Court of Appeals denied the motion "without prejudice to a case call panel . . . determining that remand is necessary once the case is submitted on a session calendar." (3/4/20 Mich. Ct. App. Order.) The second motion added additional reasons for remand, including to further develop the record to show that counsel was ineffective for failing to communicate a plea offer to Fischer. (5/4/20 Mot. to Remand.) The Michigan Court of Appeals denied the motion, citing the same reason as its earlier denial. (6/9/20 Mich. Ct. App. Order.) The third motion contained the same content as the second. (11/17/20 Mot. to Remand.) This time the Michigan Court of Appeals denied the motion "for failure to persuade the Court of the necessity of a remand at this time." (11/18/20 Mich. Ct. App. Order.)

The Michigan Court of Appeals affirmed Fischer's convictions in an unpublished opinion. *People v. Fischer*, No. 348539, 2020 WL 7413598, at *1, *5 (Mich. Ct. App. Dec. 17, 2020). But it agreed with Fischer (and the concession by the prosecution) that the prosecution did not provide timely notice of the fourth habitual felony offender enhancement. *Id.* at *4. So it remanded the case for resentencing. *Id.*

Fischer subsequently filed an application for leave to appeal in the Michigan Supreme Court, which raised the same claims as in the Michigan Court of Appeals (minus the now-moot sentencing claims). He also raised a claim that the intermediate appellate court had erred in denying his motion to remand, which included an argument that counsel was ineffective for failing to communicate a plea offer to Fischer. The Michigan Supreme Court denied the application because it was not persuaded to review the questions presented. *People v. Fischer*, 964 N.W.2d 798 (Mich. 2021) (unpublished table decision).

On remand pursuant to the Michigan Court of Appeals' opinion, the trial court sentenced Fischer to 11 to 30 years' imprisonment for his home-invasion conviction. Fischer initially appealed, but he ultimately stipulated to dismissing the appeal. (8/16/22 Mich. Ct. App. Order.)

B.   Argument

Because Fischer has failed to exhaust his state court remedies for his claim, the habeas petition must be dismissed.

### 1. Each claim must be fairly presented to the state court.

A habeas petitioner is required to fairly present all of his habeas claims to the State courts before presenting them in federal court in a habeas action. 28 U.S.C. § 2254(b)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

The purpose of the exhaustion rule is to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal court, and to "protect the state courts' role in the enforcement of federal law." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). The exhaustion doctrine is more than a "procedural

hurdle," and "[e]xhaustion means more than notice." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 9 (1982). To exhaust, a petitioner "must have fairly presented to the state courts the substance of his claim." *Anderson v. Harless*, 459 U.S. 4, 6 (1982). This means the claim *and* its supporting factual allegations. "It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made." *Id*. The petitioner bears the burden of proving that he has either exhausted his state remedies prior to filing his federal petition, or that he satisfies an exception to the exhaustion requirement. *Darr v. Burford*, 339 U.S. 200, 218–19 (1950).

"[O]rdinarily, a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). To exhaust a federal habeas claim, a petitioner must properly raise it in each appropriate state court, including the state intermediate court of appeal in addition to the state's highest court. *Id.* at 29.

8

### 2. Fischer did not fairly present his claim to the Michigan Court of Appeals.

The sole claim that Fischer raises in his petition was not exhausted in the state courts. He did not raise it in his brief on appeal in the Michigan Court of Appeals. Even Fischer acknowledges this. (3/3/23 Br. in Supp. of Pet., ECF No. 3, PageID.36.) Yet he argues that it was not necessary to raise the claim in his principal brief and that raising it through a motion to remand was sufficient to exhaust the claim. That is not accurate.

Fischer's motions to remand were insufficient to properly raise in the Michigan Court of Appeals the claim that counsel was ineffective for failing to communicate a plea offer to him. To fairly present a claim to the state court, the claim must be raised in a procedurally correct manner. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Michigan procedure requires an appellant to present all issues for review within a "statement of questions involved" in the appellant's brief. *See* Mich. Ct. Ru. 7.212(C)(5); *see also People v. Unger*, 749 N.W.2d 272, 262 (Mich. Ct. App. 2008); *People v. Albers*, 672 NW.2d 336, 340 (Mich. Ct. App. 2003). Courts in multiple federal habeas cases have explicitly held that a claim raised in a motion to remand in the Michigan appellate courts is

9

*not* sufficient for exhaustion purposes. *See Thomas v. Winn*, No. 18-11253, 2018 WL 5921388, at *1 (E.D. Mich. Nov. 13, 2018) ("[A] claim is not considered exhausted where it is raised in a motion to remand filed in the Michigan appellate courts but not in an appellant's brief on appeal."); *Marshall v. Bell*, No. 07-959, 2008 WL 2945912, at *1 (W.D. Mich. Jul. 28, 2008) ("[T]he Magistrate Judge correctly held that a motion to remand does not exhaust state-court remedies."); *Fields v. Gundy*, No. 1:00-cv-892, 2009 WL 1010924, at *3 (W.D. Mich. Apr. 14, 2009) (determining that the petitioner "failed to exhaust his claim" because he filed it "by way of a *pro se* motion to remand").[2]

Fischer ignores Michigan procedure and asserts that it is enough for exhaustion purposes to raise the claim through "Michigan's well-recognized remand procedure for ineffective-assistance claims." (3/3/23

---

[2] To be fair, courts in other cases have held that presenting claims in a remand motion *is* sufficient to fairly present the claim to the Michigan Court of Appeals. *See Titus v. Jackson*, No. 06-10770, 2009 WL 1803209, at *22 (E.D. Mich. Jun. 24, 2009); *Brothwell v. Jackson*, No. 05-60149, 2008 WL 2067017, at *4 n.1 (E.D. Mich. May 15, 2008). But those cases relied on *Elmore v. Foltz*, 768 F.2d 773, 774 (6th Cir. 1985), and, as explained below, the reasoning relied on in *Elmore* is not applicable to current Michigan rules and procedure.

10

Br. in Supp. of Pet., ECF No. 3, PageID.36.) He cites two cases from the Sixth Circuit that he says supports his position, but neither do.

First, in *Elmore v. Foltz*, the habeas petitioner had raised constitutional claims in a motion to remand in the Michigan Court of Appeals, which was denied. 768 F.2d 773, 774 (6th Cir. 1985). He did not raise the claim in his brief on the merits. *Id.* at 774–75. The Sixth Circuit determined that the claims were exhausted because "the only procedure by which [the petitioner] could have secured review of his constitutional claims was to have the case remanded to the trial court for development of a factual record." *Id.* at 775. Under then-applicable court rules, the Sixth Circuit said, the petitioner "could not raise" those claims in a merits brief. *Id.*

The current rules do not contain such a prohibition. Indeed, Fischer does not contend that they do. A defendant who files a motion to remand based on an ineffective-assistance claim may also raise the same underlying claim in a merits brief, even if the remand motion is denied. Indeed, Fischer did just that—his remand motions sought to further factually develop not only his claim regarding the communication of the alleged plea, but also his various sentencing

11

issues. He raised those sentencing issues in his merits brief. To say that merely asking for further factual development in a remand motion is enough to put the Michigan Court of Appeals on notice to decide the merits of the claim is to say that a merits brief need not be filed. Yet Michigan rules *require* a merits brief. Mich. Ct. R. 7.212(A)(1)(a) ("The appellant *must* file a brief with the Court of Appeals . . . .") (emphasis added). Indeed, even if the motion is granted and remand proceedings are held, a merits brief is still required. *See* Mich. Ct. R. 7.212(C)(1)(f) ("If the trial court denies the appellant's request for relief, appellant's brief *must* be filed within 21 days . . . .") (emphasis added). These brief-filing requirements would be rendered superfluous if a remand motion was sufficient to properly present individual claims.

When the *Elmore* court determined that a remand motion was sufficient to exhaust a claim, it was relying on its interpretation that the then-existing rules prohibited raising the claim in a merits brief. Because that simply is not an accurate reading of the rules now in effect, *Elmore* does not support Fischer's argument.

Second, Fischer points to *Cottenham v. Jamrog*, 248 F. App'x 625 (6th Cir. 2007). But *Cottenham* involved a complicated dispute with

12

appellate counsel. *Id.* at 626–29. That attorney had filed a merits brief in the Michigan Court of Appeals, but the habeas petitioner asked for that brief to be withdrawn and a new brief be filed. *Id.* at 627. Counsel did not do as the petitioner requested, so the petitioner filed multiple motions and sent letters to the appellate court indicating his problem. *Id.* at 627–29. He also sought new counsel. *Id.* Yet by the time new counsel was appointed, there was no time for counsel to review the case and file a brief. *Id.* at 629. The Sixth Circuit determined that the "motions and letters to the court of appeals regarding his problems with [his previous appellate counsel] and his inability to raise the issues of his choice on appeal" was sufficient to fairly present the claims. *Id.* at 633–34.

The facts here are entirely different. Fischer did not have any dispute with his appellate counsel and has never contended that appellate counsel did not present the claims that he wanted to be presented. The decision in *Cottenham* was limited, which the Sixth Circuit has recognized. *See Woods v. Booker*, 450 F. App'x 480, 490 (6th Cir. 2011) (noting that "the ruling in *Jamrog* must be considered in light of its application to a pro se petitioner"). It does not provide

13

support for Fischer's claim that his counseled remand motion was sufficient to fairly present the claim.

Because Fischer did not comply with Michigan procedure that requires that claims must be raised in a separate brief on appeal, he did not fairly present the claim to the Michigan Court of Appeals. Accordingly, the claim is unexhausted under 28 U.S.C. § 2254(b)(1).

### 3. The petition should be dismissed because Fischer has not shown good cause for failing to exhaust his claim.

Although a federal court cannot entertain a petition that contains unexhausted claims, it has some discretion to enter a stay to allow the petitioner to present his unexhausted claims to the state court in the first instance, preserving the petitioner's ability to return to federal court for review of his perfected petition. *Rhines v. Weber*, 544 U.S. 269, 275–77 (2005). But "[b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is *only appropriate when the district court determines there was good cause* for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277 (emphasis added). Moreover, even if the petitioner has good cause for the failure to exhaust earlier, the district

14

court should not grant a stay if the unexhausted claims are plainly meritless. *Id.* Finally, if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant a stay. *Id.* "Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns in AEDPA." *Id.* at 277. "Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. And if a district court "determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims *if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.*" *Id.* (emphasis added).

Fischer has not demonstrated good cause for failing to fully exhaust his claim in the state courts. His failure stems from his appellate attorney's decision not to include the claim in a merits brief in the Michigan Court of Appeals, but Fischer does not contend that this decision amounted to constitutionally ineffective assistance. Indeed, it would be difficult to do so. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the

exercise of reasonable professional judgment." *Strickland v. Washington*, 466 U.S. 668 (1984). So, here, this Court must presume that counsel's decision not to include the issue in a merits brief, especially without having yet obtained an evidentiary hearing, was within the range of reasonable professional judgment.

To that end, "[s]trategic decisions of counsel, including whether to raise some non-frivolous claims over others, fall well within the range of professional competence." *Hand v. Houk*, 871 F.3d 390, 411 (6th Cir. 2017). The "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983)). This Court must presume that Fischer exercised reasonable professional judgment by choosing to raise other claims in the merits brief. Considering that one of the claims raised resulted in Fischer obtaining partial relief—which resulted in a significant

reduction (20 years on the back end) to his sentence—counsel's decision to winnow out an unsupported argument[3] was effective advocacy.

In sum, this Court should dismiss Fischer's petition. If this Court denies this motion, Respondent requests an additional period of time—preferable 60 days—to answer the specific allegations Fischer raises in his petition for a writ of habeas corpus.

---

[3] The only evidence that counsel failed to communicate a plea offer came through hearsay statements from *appellate* counsel, not trial counsel. (*See* 3/3/23 Br. in Supp. of Pet., ECF No. 3, Page ID # 5-6; *see also* 4/3/20 Statement of Attorney, attached as appendix H to 5/4/20 Mot. to Remand, ECF No. 3-12, Page ID # 733–35.)

17

## Conclusion

For the reasons stated above, Respondent requests that this Court dismiss Fischer's petition for a writ of habeas corpus. If this Court denies this motion, Respondent requests an additional period of time—preferably 60 days—to answer the specific allegations Fischer raises in his petition for a writ of habeas corpus.

Respectfully submitted,

s/Jared D. Schultz

Assistant Attorney General
Criminal Trials and Appeals Div.
P.O. Box 30217
Lansing, MI  48909
(517) 335-7650
SchultzJ15@michigan.gov
P80198

Dated: September 25, 2023

## Certificate of Service

I hereby certify that on September 25, 2023, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

HONORABLE STEPHEN J. MURPHY, III
MAGISTRATE JUDGE ANTHONY P. PATTI
AMANDA N. BASHI – ATTORNEY FOR PETITIONER
BENTON C. MARTIN – ATTORNEY FOR PETITIONER

Respectfully submitted,

s/Jared D. Schultz

Assistant Attorney General
Criminal Trials and Appeals Div.
P.O. Box 30217
Lansing, MI  48909
(517) 335-7650
SchultzJ15@michigan.gov
P80198