UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**GARY THOMAS FISCHER,**

    Petitioner,                                         Civil No. 23-10518

    v.                                                        Judge: Stephen Murphy

**JAMES SCHIEBNER, Warden,**

    Respondent.

_____/

**PETITIONER'S RESPONSE TO MOTION TO DISMISS**

On September 26, 2023, the Respondent filed a motion to dismiss Gary Fischer's petition for habeas relief, asserting Mr. Fischer failed to present his habeas claim to the Michigan Court of Appeals. Because the record belies that assertion, and because the Sixth Circuit has explicitly endorsed Mr. Fischer's method of raising the issue in the Michigan Court of Appeals, the Respondent's motion to dismiss should be denied.

**I.    Relevant Procedural History[1]**

Gary Fischer unequivocally raised the issue of his ineffective assistance of trial counsel before the Michigan Court of Appeals – not once, but three times.

---

[1] Mr. Fischer will not repeat the full procedural history of his case, as it was already briefed for this Court in his habeas petition. Rather, Mr. Fischer will highlight those aspects of the record relevant to the Respondent's motion to dismiss.

1

Upon his conviction and sentence, Fischer received appointed appellate counsel. Alongside the filing of Fischer's appeal brief, his appellate counsel filed a Motion for Remand, raising two grounds of ineffective assistance of counsel. (ECF No. 12-9, PageID.1684-1732.) The State, having received the motion for remand and clearly understanding its assertions, filed with the Court of Appeals an answer in substantive opposition to the motion to remand.[2] (ECF No. 12-9, PageID.1824-.) The State did not assert that Fischer's motion was not the proper vehicle for raising the issue of his trial counsel's ineffectiveness. The Court of Appeals denied Fischer's motion "for failure to persuade the Court of the necessity of a remand at this time." (ECF No. 12-9, PageID.1683.) The Appeals Court left room for Fischer to raise the issues again, by issuing the denial "without prejudice to [be raised before] a case call panel of this Court . . . once the case is submitted on a session calendar." (Id.)

Two months later, in May 2020, Fischer's appellate attorney filed a renewed motion for remand, again on the basis of ineffective assistance of trial counsel. (ECF No. 12-9, PageID.1545-1667.) This motion added significant substance and additional bases for trial counsel's ineffectiveness. The motion included a thorough brief in support: it was more than 30 pages long, complete with table of contents and legal authorities, and attached approximately 80 pages of appendices. (Id.) Again, the state

---

[2] The State conceded that Fischer was entitled to resentencing, but opposed "remand for a *Ginther* evidentiary hearing on ineffective counsel [as] unnecessary." (ECF No. 12-9, PageID.1828.)

2

responded on the merits in opposition to Fischer's motion to remand. (ECF No. 12-9, PageID1670-74.) The state's brief was five pages long. (Id.) Again, the Court of Appeals considered the motion and denied it. (ECF No. 12-9, PageID.1544.)  The Court of Appeals did not contend that Fischer's motion was untimely, or procedurally improper, or otherwise deficiently filed or preserved. (Id.) Rather, the Court of Appeals order denied the motion on the merits, for its "failure to persuade the Court of the necessity of a remand at this time." (Id.) It also issued the denial without prejudice, leaving the door open for Fischer to again – through the same vehicle – raise the issues "to a case call panel of this Court . . . once the case is submitted on a session calendar." (Id.)

Per that order, Fischer's appellate attorney renewed his motion for remand in November 2020, filing the same thorough, lengthy brief and supporting appendices. (ECF No. 12-9, PageID.1419-1541.) The following day, before the State could respond, the Court of Appeals denied the motion. (ECF No. 12-9, PageID.1418.) The denial order again pointed to the substance, stating Fischer's motion was unpersuasive, *not* that it was improperly before the court. (Id.)

In his petition for review to the Michigan Supreme Court, Fischer raised the denials of his motions for remand. (ECF No. 12-11, PageID.1927-2093.) The Michigan Supreme Court did not deny Fischer's petition for failing to sufficiently raise the issues in the Court of Appeals. Rather, the Michigan Supreme Court denied his petition

3

because it was not "persuaded that the questions presented should be reviewed by this Court." (ECF No. 12-11, PageID.1926.)

## II. Argument

Respondent does not contest the standard here: Fischer need only "fairly present" the claims in his habeas petition to Michigan courts in order to exhaust them for federal court review. (ECF No. 11, PageID.9921.) And Fisher need only to have properly raised his claims in the state appeals court in order to fairly present them. (Id. at 922.) Fischer meets that standard here because he properly raised his ineffective assistance of trial counsel claim in the Michigan Court of Appeals and Michigan Supreme Court.

### A. Appellate counsel raised Fischer's claims through an appropriate procedural mechanism.

There is no question that off-record issues cannot be raised in a merits brief on appeal to the Michigan Court of Appeals. Mich. Ct. R. 7.212 (requiring merits briefs to be limited to the record on appeal) and Mich. Ct. R. 7.210 (defining record on appeal). *See also Sherman v. Sea Ray Boats, Inc.*, 251 Mich. App. 41, 56 (2002) ("This Court's review is limited to the record established by the trial court, and a party may not expand the record on appeal."); *People v. Nix*, 301 Mich. App. 195, 203 (2013) (Parties "may not now expand the record on appeal.").

Instead, Michigan courts have time and again reaffirmed that the proper vehicle for raising off-record issues – specifically ineffective assistance of counsel – is through

4

a motion to remand. *See People v. Thornton*, 2004 WL 512098 (Mich. Ct. App. 2004) ("Because this Court denied defendant's motion to remand for a hearing pursuant to *People v. Ginther*, our review is limited to mistakes apparent on the record."), citing *People v. Stewart*, 219 Mich. App. 38, 42 (1996). *See also* M.C.R. 7.211(C)(1) (permitting a motion to remand where the factual record is insufficient for appellate consideration).

That is exactly what Fischer's appellate attorney did. And in receiving those filings, the Michigan Court of Appeals ruled *three separate times* that it was not persuaded on the merits. *See Werth v. Bell*, 692 F.3d 486, 494 (6th Cir. 2012) (an unexplained denial order, absent reference to a procedural rule, is a merits decision). In none of those three rulings did the Michigan Court of Appeals note or even hint that Fischer's appellate counsel had not properly presented the issue. On this record, this Court can confidently conclude that Fischer fairly presented the issue of his trial counsel's ineffectiveness to the higher Michigan courts for review.

In *Elmore v. Foltz*, the Sixth Circuit found that a habeas petitioner had fairly presented his claims of suppression of exculpatory evidence and ineffective assistance of counsel when, after filing his appeal in the Michigan Court of Appeals, but before a decision on the merits of his appeal, he moved to remand to the trial court to create a testimonial record on these two issues, later raised in his federal habeas petition. 768 F.2d 773, 774 (6th Cir. 1985). The Michigan Court of Appeals denied that motion. Id. at 774–75. Though the petitioner had not raised these two issues in his brief on the

5

merits before the Michigan Court of Appeals, the Sixth Circuit concluded that the claims were exhausted because the petitioner's motion to remand was procedurally proper and detailed enough to "fairly present" the claim to the Michigan Court of Appeals:

> Given that Elmore's motion to remand was a procedurally proper approach to securing review of the issues, given the length and detail of that motion, and given the denial of the motion for "lack of merit," we cannot say that Elmore failed to fairly present his constitutional claims to the Michigan Court of Appeals.

*Id.* at 775.

In *Cottenham v. Jamrog*, 248 F. App'x 625, 633–34 (6th Cir. 2007), the Sixth Circuit was presented with a similar situation. The Petitioner had filed pro se motions and letters with the court of appeals regarding his problems with his appellate counsel and his inability to raise issues on appeal. Relying on *Elmore*, the Sixth Circuit found Petitioner's efforts sufficient to satisfy the fair presentation requirement.

**B.     Respondent is wrong that Sixth Circuit precedent has been abandoned because of changes in Michigan court rules.**

The State implies, without citation, that *Elmore* and *Jamrog* are no longer good precedent. (ECF No. 11, PageID.925-926.) But the holdings in those cases have not been overruled, overturned, or otherwise abrogated, and they remain binding precedent on this Court. The State's citation to *Woods v. Booker*, 450 F. App'x 480 (6th Cir. 2011) further underscores this point. (ECF No. 11, PageID.927.) *Booker* restates and reaffirms the analyses employed in *Elmore* and *Jamrog*, where "in both cases, [the Sixth Circuit]

concluded that the [ineffective assistance] **claims were exhausted because the petitioner's motions were procedurally required and sufficiently detailed to 'fairly present' the petitioner's claims to the Michigan Court of Appeals**." *Booker*, 450 Fed. Appx. at 489 (cleaned up).

Here, as in both *Elmore* and *Jamrog*, Fischer's ineffective assistance claims were procedurally required and sufficiently detailed. First, they were procedurally required because they were based on facts and information not part of the record on appeal. Michigan Court Rules require any issue raised in a merits brief to be limited to the record on appeal. *See* Mich. Ct. R. 7.212. To state the obvious, the record on appeal is limited to the record below. *See* Mich. Ct. R. 7.210 (defining the record on appeal). The only way to expand the record on appeal is to raise the issue requiring expansion in a filing *outside* of the merits brief (i.e. a motion to remand), and to make an initial showing of the merits. *See* Mich. Ct. R. 7.211. Second, Fischer's claims were sufficiently detailed by appellate counsel's 30-plus page brief, and 80-plus pages of appendices. There can be no question that the Michigan courts were given a full and fair opportunity to resolve Fischer's federal constitutional claims.

The State appears to conflate the distinction in the court rules between off-record and on-record issues. The State contends, again without citation, that "the current [Michigan Court] rules do not contain [ ] a prohibition" on merits issues that rely on off-record facts. (ECF No. 11, PageID.925.) Petitioner cannot find any evidence

7

or citation to support this statement, because it is simply incorrect. *See People v. Thornton*, 2004 WL 512098 (Mich. Ct. App. 2004) ("Because this Court denied defendant's motion to remand for a hearing pursuant to *People v. Ginther*, our review is limited to mistakes apparent on the record."), citing *People v. Stewart*, 219 Mich. App. 38, 42 (1996). *See also* M.C.R. 7.211(C)(1) (permitting a motion to remand where the factual record is insufficient for appellate consideration).

The State concedes – though only in a footnote – that the Sixth Circuit and multiple federal district courts have found that issues raised in motions for remand are "fairly presented" to Michigan Courts and are thus exhausted. (ECF No. 11, PageID.924, n.2.) But the State attempts to minimize these holdings by implying that there has been a substantive change to the Michigan Court Rules that now permits petitioners to raise issues in a merits brief that were not part of the record below. That, again, is simply untrue.[3] It remains the rule in Michigan that a party cannot raise an issue in a merits brief that relies on off-record facts.

---

[3] The State's citations to *People v. Unger*, 278 Mich. App. 210 (Mich. Ct. App. 2008) and *People v. Albers*, 258 Mich. App. 578 (Mich. Ct. App. 2003), are disingenuous. Neither case involved appellate issues that required factual support outside of the record on appeal. The *Unger* court declined to address the trial court's failure to sequester the jury – the facts of which were available in the trial record for appellant to have raised in his merits brief. 278 Mich. App. at 262. The *Albers* court declined to address the trial court's failure to require jury unanimity on an alternative theory of guilt. 258 Mich. App. at 584. Like the issue in *Unger*, the issue in *Albers* was one that could be raised and supported within the four corners of the record on appeal.

8

### C. State appellate counsel fairly presented ineffective-assistance claims requiring an expanded record in a motion for remand while addressing ineffective-assistance claims based on the record in the merits brief.

Finally, the State points to appellate counsel's decision to raise ineffectiveness related to Fischer's sentencing enhancement as evidence that appellate counsel knew or should have known to *also* raise off-record issues in the merits brief. But again, this is an incorrect reading of the Michigan Court Rules. Michigan Court Rule 6.429(c) provides a separate mechanism for challenging issues with resentencing and requesting a remand for a resentencing proceeding. But this is not a vehicle to expand the record on appeal. The facts necessary to raise this issue were present in the record, unlike the facts necessary to raise Fischer's other claims of ineffective assistance.

The other Michigan Court Rules do *not* permit issues in merits briefs that go off the record on appeal. Thus, Fischer's counsel had to raise those issues in the motion to remand. *See, e.g., Michigan v. Snider*, 239 Mich. App. 393 (2000) (holding that where defendant has failed to move for a new trial or an evidentiary hearing, his claim for ineffective assistance of counsel is "largely forfeited" because review is limited to the existing record); *Michigan v. Williams*, 223 Mich. App. 409 (1997) ("Because there was no *Ginther* hearing, our review is limited to mistakes apparent on the record."); *Michigan v. Dixon*, 217 Mich. App. 400 (1996) ("Defendant failed to create a testimonial record in the trial court with regard to his claims of ineffective assistance. This failure

9

forecloses appellate review unless the record contains sufficient detail to support defendant's claims.").

### D. Respondent's citations to the contrary are unpersuasive.

Respondent argues that "multiple federal habeas cases have explicitly held that a claim raised in a motion to remand in the Michigan appellate courts is sufficient for exhaustion purposes." (ECF No. 11, PageID.923-24.) But it overlooks important distinctions between this case and the decisions cited. First, none of the decisions it cites – *Thomas v. Winn*, No. 18- 11253, 2018 WL 5921388, at *1 (E.D. Mich. Nov. 13, 2018), *Marshall v. Bell*, No. 07-959, 2008 WL 2945912, at *1 (W.D. Mich. Jul. 28, 2008), or *Fields v. Gundy*, No. 1:00-cv-892, 2009 WL 1010924, at *3 (W.D. Mich. Apr. 14, 2009) – even cited, let alone attempted to distinguish, *Elmore* or *Jamrog*.

Moreover, none of the cases involved a claim of ineffective assistance of trial counsel: *Thomas* involved a defendant arguing that he was entitled to a *Franks* hearing on a Fourth Amendment question. *Thomas* 2018 WL 5921388, at *1.[4] *Marshall* involved a claim that the defendant was entitled to an evidentiary hearing to address an alleged sentencing error. *Marshall v. Bell*, No. 1:07-CV-959, 2007 WL 5367445, at *2 (W.D. Mich. Oct. 2, 2007), *report and recommendation adopted,* No. 1:07-CV-959, 2008 WL 2945912 (W.D. Mich. July 28, 2008). And *Fields* involved a claim that the defendant was

---

[4] In fact, in *Thomas*, the petitioner even "admitted in his petition that this claim was not presented to the Michigan Court of Appeals." *Thomas*, 2018 WL 5921388, at *1.

10

entitled to a competency hearing. *Fields v. Gundy*, 2009 WL 1010924, at *3. That distinction is critical because Michigan has unique procedural rules, longstanding since *Michigan v. Ginther,* 390 Mich. 436 (1973), permitting defendants to raise ineffective assistance claims requiring expansion of the record through motions for remand. *Mitchell v. Mason*, 325 F.3d 732, 736 (6th Cir. 2003) (discussing Michigan's remand procedures for ineffective assistance of counsel claims, known as *Ginther* hearings); *Ceasor v. Ocwieja*, 655 F. App'x 263, 271 (6th Cir. 2016) "the court of appeals noted that 'because [Ceasor] did not move for a Ginther hearing, the court's review was limited to errors apparent on the record.' (cleaned up).) That is exactly what Fischer's attorney did here, and it is why his claims were fairly presented to Michigan courts before he brought this federal habeas action.

## CONCLUSION

This Court should deny the Respondent's motion to dismiss. **In the alternative**, the Court can stay these habeas proceedings to allow Mr. Fischer to re-present and his claim to the Michigan Courts, to satisfy the State that he has given those courts sufficient opportunity to address the issues.

11

          Submitted,

          <u>s/Amanda Bashi & Benton Martin</u>
          FEDERAL DEFENDER OFFICE
          AMANDA N. BASHI
          **BENTON C. MARTIN**
          Counsel for Gary Fischer
          613 Abbott St., Suite 500
          Detroit, Michigan 48226
          (313) 967-5542

Dated: October 16, 2023

## CERTIFICATE OF SERVICE

      I hereby certify that on October 16, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the parties of record.

                                                      s/Amanda Bashi

Dated:  October 16, 2023