UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY THOMAS FISCHER,

        Petitioner,

Case No. 2:23-cv-10518

HONORABLE STEPHEN J. MURPHY, III

v.

JAMES SCHIEBNER,

        Respondent.
_____/

**ORDER GRANTING MOTION TO DISMISS [11]
PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

Petitioner Gary Thomas Fischer, a State prisoner at the Muskegon Correctional Facility, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 and challenged his convictions for first-degree home invasion, resisting arrest, and aggravated assault. ECF 1. Respondent James Schiebner moved to dismiss the petition "because [Petitioner] failed to exhaust his [S]tate court remedies." ECF 11, PgID 915. For the following reasons, the Court will grant the motion and dismiss the petition without prejudice.

### BACKGROUND

After a jury convicted Petitioner, the State court sentenced him as a fourth felony habitual offender to fifteen to fifty years for the home invasion conviction and one year each for the other two convictions. ECF 12-6, PgID 1351–52. Petitioner appealed and moved to remand based on the lack of an unanimity jury instruction, the allegedly untimely habitual offender enhancement, and the sentencing guidelines

1

scoring. ECF 3, PgID 28. In the motion to remand, Petitioner requested that the trial court develop the record as to whether Petitioner's counsel was ineffective for failing to object to the untimely amendment of the habitual offender notice and for failing to object to the sentencing guidelines scoring. ECF 3-7. The Michigan Court of Appeals denied the motion without prejudice. ECF 3-9, PgID 572. Petitioner renewed the motion to remand and added that counsel was ineffective for failing to communicate a plea offer. ECF 3-11, PgID 617. The Michigan Court of Appeals again denied the motion without prejudice. ECF 3-14, PgID 747. Petitioner then renewed the motion to remand on the same bases as the second motion to remand, ECF 3-15, and the Michigan Court of Appeals again denied the motion, ECF 3-16, PgID 791.

Eventually, the Michigan Court of Appeals affirmed Petitioner's convictions but remanded the case for resentencing as a second-felony habitual offender rather than a fourth-felony offender. *People v. Fischer*, No. 348539, 2020 WL 7413598, at *1, *4 (Mich. Ct. App. Dec. 17, 2020). The appellate court also found that trial counsel was not ineffective when he did not request a unanimity jury instruction. *Id.* And the appellate court declined to rule on whether trial counsel was ineffective when he failed to challenge the sentencing guideline scoring because Petitioner would be resentenced upon remand. *Id.* at *4 n.1. The appellate court did not address whether counsel was ineffective for failing to communicate a plea offer because Petitioner made that argument in the motions to remand—all of which were denied—or in the appeal. *See* ECF 3-6 (appellate brief).

2

Petitioner subsequently applied for leave to appeal to the Michigan Supreme Court and raised the same claims as his appellate court appeal, albeit without the then-moot sentencing challenges. ECF 3-18. Petitioner argued that the Michigan Court of Appeals erred in denying his motion to remand, which included the argument that counsel was ineffective for failing to communicate a plea offer. ECF 3-18. The Michigan Supreme Court denied leave to appeal. *People v. Fischer*, 508 Mich. 952 (2021).

On remand, the trial court re-sentenced Petitioner as a second-felony habitual offender to eleven to thirty years' imprisonment for his home-invasion conviction. ECF 12-8, PgID 1394. Petitioner initially appealed the re-sentence but ultimately stipulated to dismiss the appeal. ECF 3-21, PgID 890.

Petitioner, through counsel, then sought habeas relief in the present case based on one claim: "Trial counsel rendered ineffective assistance of counsel, in violation of the Sixth Amendment, by failing to communicate a beneficial plea agreement." ECF 1, PgID 5. Respondent moved to dismiss the petition "because [Petitioner] failed to exhaust his [S]tate court remedies." ECF 11, PgID 915.

## LEGAL STANDARD

A petitioner seeking a writ of habeas corpus under the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. §2254, must first exhaust all State court remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the [S]tate courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established

appellate review process"). To exhaust State court remedies, a claim must be fairly presented "to every level of the [S]tate courts in one full round." *Ambrose v. Romanowski*, 621 Fed. App'x 808, 814 (6th Cir. 2015) (collecting cases); *see Wagner v. Smith*, 581 F.3d 410, 418 (6th Cir. 2009) ("For a claim to be reviewable at the federal level, each claim must be presented at every stage of the [S]tate appellate process.") (citations omitted). A petitioner bears the burden of showing that State court remedies have been exhausted. *Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012) (citation omitted).

## DISCUSSION

The petition should be dismissed because Petitioner failed to raise the ineffective assistance of counsel claim as to the plea deal to the Michigan Court of Appeals. ECF 11, PgID 923. Petitioner admitted that he did not raise the issue in his appellate brief. ECF 3, PgID 36. But Petitioner contended that he "did not need to raise his ineffective assistance claim in his primary brief in order to fairly present it to the [S]tate court." *Id.* Petitioner maintained that he exhausted the claim when he made the argument in his second and third motions to remand. *See id.*

Petitioner relied on *Elmore v. Foltz*, 768 F.2d 773, 775 (6th Cir. 1985), in which the Sixth Circuit held that raising a claim in a motion to remand with the Michigan Court of Appeals is sufficient to exhaust a claim for federal habeas review. But the Sixth Circuit later distinguished—and largely overruled—that conclusion. *See Woods v. Booker,* 450 F. App'x 480 (6th Cir. 2011). In *Woods*, the Sixth Circuit held that a petitioner did *not* properly exhaust his ineffective assistance of counsel claims by

4

moving to remand to the trial court after filing an initial merits brief, where the petitioner never included those claims in the appellate brief. *Id*. at 489. The Sixth Circuit explained that the "decision in *Elmore* hinged on the fact that, under the Michigan General Court Rule that was in force at the time of [the petitioner's] direct appeal, a motion to remand was the proper way to handle his claim." *Id*. (citation omitted).

Here, *Wood* applies because the Michigan Court Rules that are in effect today are the same rules that were in effect at the time *Woods* was decided. And nothing in the rules prohibits an individual from moving to remand and raising the same issue in an appellate brief for direct review. *See generally* Mich. Ct. R. 7.212. Indeed, that is exactly what Petitioner did with respect to several other claims. He raised sentencing issues and other ineffective assistance of counsel claims in both his remand motions and his appellate briefs. *See* ECF 3, PgID 28; ECF 3-7.

Petitioner argued that he was required to raise the ineffective assistance of counsel claim in the remand motion because it was "based on facts and information not part of the record on appeal." ECF 13, PgID 2132. This position has no basis. Defendants often raise ineffective assistance of counsel claims on appeal even if the Michigan Court of Appeals has denied a motion to remand to the trial court to develop the factual basis for the claim. *See, e.g., People v. Thornton*, No. 244549, 2004 WL 512098, at *2 (Mich. Ct. App. Mar. 16, 2004). And Petitioner offered no convincing argument for why he did not, or could not, raise the instant ineffective assistance of

5

counsel claim in either of his merits briefs—as he did with his other ineffective assistance of counsel claims. *See* ECF 3-11, PgID 617.

It is undisputed that Petitioner did not include a claim that counsel was ineffective for failing to communicate a plea offer in either of the briefs that he filed before the Michigan Court of Appeals. And although Petitioner raised the ineffective assistance of counsel claim in his application for leave to appeal to the Michigan Supreme Court, raising a claim for the first time on discretionary review does not amount to a "fair presentation" of the claim. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) (emphasis omitted). Petitioner thus did not fairly present the claim to the Michigan Court of Appeals.[1] The Court will therefore dismiss the petition without prejudice. *See, e.g., Jones v. Rapelje,* No. 2:08-CV-13286, 2009 WL 2143819, at * 2 (E.D. Mich. July 13, 2009).

The Court will also toll the AEDPA limitations period, effective the date the petition was filed on March 3, 2023, conditioned on Petitioner pursuing his State remedies within thirty days of the dismissal and returning to federal court within thirty days after exhaustion. *See Hargrove v. Brigano*, 300 F.3d 717, 719–721 (6th Cir. 2002). Petitioner promptly filed the petition for writ of habeas corpus with this Court. Further, this Court cannot conclude that the unexhausted ineffective assistance of counsel claim is plainly meritless. The Court will dismiss the petition without prejudice and toll the one-year limitations period from March 3, 2023, the

---

[1] Petitioner may exhaust this claim by filing a post-conviction motion for relief from judgment in State court, which is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court. Mich. Ct. R. 6.502; 6.509; 7.203; 7.302.

date Petitioner filed his petition, until Petitioner returns to federal court. Tolling of the limitations period is contingent on Petitioner complying with the conditions below.

Last, the Court will deny a certificate of appealability. To appeal the Court's decision, Petitioner must obtain a certificate of appealability. To obtain a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner must show "that reasonable jurists could debate whether" the Court should have resolved the § 2254 petition "in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (internal quotation marks and quotation omitted). Jurists of reason would not debate the Court's denial of the petition. The Court will therefore deny a certificate of appealability. The Court will also deny Petitioner leave to appeal in forma pauperis because he cannot take an appeal in good faith. *See* Fed. R. App. P. 24(a).

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the petition for a writ of habeas corpus [1] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the limitations period is tolled from **March 3, 2023** until the date Petitioner returns to federal court to pursue habeas corpus relief, provided that Petitioner **FILES** a new habeas petition under a new case number **within thirty days** of the completion of his State post-conviction proceedings.

7

**IT IS FURTHER ORDERED** that the motion to dismiss [15] is **GRANTED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that leave to appeal in forma pauperis is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III<br>STEPHEN J. MURPHY, III<br>United States District Judge

Dated: February 8, 2024