# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Kelly L. Stephens | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: August 13, 2025

Ms. Amanda Bashi
Mr. Benton C. Martin
Federal Community Defender Office
for the Eastern District of Michigan
613 Abbott Street
Suite 500
Detroit, MI 48226

Ms. Andrea M. Christensen-Brown
Mr. John S. Pallas
Mr. Jared D. Schultz
Office of the Attorney General of Michigan
P.O. Box 30217
4th Floor
Lansing, MI 48909

Re: Case No. 24-1196, *Gary Fischer v. Noah Nagy*
Originating Case No. : 2:23-cv-10518

Dear Counsel,

The Court issued the enclosed opinion today in this case.

Enclosed are the court's unpublished opinion and judgment, entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

Sincerely yours,

s/Cathryn Lovely
Opinions Deputy

cc: Ms. Kinikia D. Essix

Enclosures

Mandate to issue

NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0397n.06

No. 24-1196

| | | |
|---|---|---|
| UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT | | **FILED** Aug 13, 2025 KELLY L. STEPHENS, Clerk |
| GARY THOMAS FISCHER, Petitioner-Appellant, v. NOAH NAGY, Warden, Respondent-Appellee. | ) ) ) ) ) ) ) ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN OPINION |

Before: GILMAN, STRANCH, and LARSEN, Circuit Judges.

STRANCH, J., delivered the opinion of the court in which GILMAN, J., concurred. LARSEN, J. (pp. 10–17), delivered a separate opinion concurring in the judgment.

**JANE B. STRANCH, Circuit Judge.** Gary Thomas Fischer appeals the district court's denial of his petition for a writ of habeas corpus. Fischer alleges in his petition that his state trial counsel provided ineffective assistance when his counsel failed to communicate a plea deal he received from the State. Fischer argues that the district court erred in holding that he had failed to exhaust his claim in state court as required by 28 U.S.C. § 2254(d). For the reasons that follow, we **REVERSE** the judgment of the district court and **REMAND** for further proceedings.

I. BACKGROUND

A. Facts

This case stems from an alleged altercation between Fischer and Heather Miner, a woman with whom he had been in a casual relationship. According to Miner, she and Fischer had been seeing each other on and off for several years until September 2018. On September 17, 2018,

No. 24-1196, *Fischer v. Nagy*

Miner and Fischer had an argument that culminated in Miner telling Fischer that she did not want to talk to him and blocking his phone number. Fischer continued to call Miner repeatedly that evening.

Miner went to bed and woke up some time later to see Fischer in her home, to which he had access because he had helped her fix her garage and still had the garage access code. When Miner woke up, Fischer attempted to climb into her bed and told her she needed to be nice. He smelled of alcohol. Miner began screaming at him to get out. Fischer refused, so Miner used her feet to push him out of her bed. Miner pushed Fischer to the door of her bedroom while Fischer began to claim that Miner could not make him leave because he was drunk and should not be forced to drive away.

Miner eventually threatened to call the police if Fischer did not leave. When she reached for her phone, Fischer grabbed it from her and twisted her arm behind her back. Miner and Fischer began striking and shoving each other in an attempt to take control of the phone. Eventually Fischer obtained control of the phone again and used it to hit Miner on the head. The physical altercation resumed. By the time of trial, Miner had difficulty remembering all of the details of the altercation, but recalled Fischer slamming her head on the ground, beating her on the head, and knocking out one of her teeth. Miner then attacked Fischer's genitals, and he released her. When he did so, Miner ran outside, and Fischer followed her. Miner grabbed her phone out of his hand, ran inside, locked him out, picked up a knife from the kitchen for self-protection, and called 911. Fischer broke into the house and attempted to take the knife from Miner and cut her with it. Fischer fled when the police arrived.

No. 24-1196, *Fischer v. Nagy*

### B. Procedural History

Fischer was charged with first degree home invasion under Mich. Comp. Laws § 750.110a(2), interfering with a crime report under Mich. Comp. Laws § 750.483a, resisting and obstructing a police officer under Mich. Comp. Laws § 750.81d(1), and aggravated assault under Mich. Comp. Laws § 750.81a(1). He proceeded to trial, and a jury found him guilty of first degree home invasion, resisting and obstructing a police officer, and aggravated assault. The trial court sentenced Fischer as a fourth habitual offender under Mich. Comp. Laws § 769.12 and imposed a sentence of 15 to 50 years. Fischer appealed. He was represented by new counsel on appeal.

Michigan has a procedure allowing a state appellate court to remand to the trial court during direct appeal so that the appellant can establish facts supporting a claim of ineffective assistance of counsel raised on direct appeal, rather than leaving the factual development for collateral review. *People v. Ginther*, 212 N.W.2d 922, 925 (Mich. 1973). These evidentiary hearings are known as *Ginther* hearings. *Mitchell v. Mason*, 325 F.3d 732, 736 (6th Cir. 2003). The appellant must move to remand to the trial court, identifying in the motion an issue to be reviewed on appeal, and support the motion with an affidavit or offer of proof regarding the facts to be established at the hearing. Mich Ct. R. 7.21(C)(1)(a).

On his direct appeal, Fischer filed both an appellate brief and a motion to remand for a *Ginther* hearing. In his brief, Fischer addressed issues that were already on the record, challenging a jury instruction, the guidelines scoring at sentencing, and the application of the habitual offender enhancement. In the motion to remand, Fischer asked to expand the record on several claims of ineffective assistance of counsel, not including the one raised here. The Michigan Court of Appeals initially denied the motion to remand without prejudice for failure to persuade the court of the necessity of the remand. Fischer renewed his motion, this time including a claim that

No. 24-1196, *Fischer v. Nagy*

Fischer's trial counsel had been ineffective because his trial counsel had received a plea offer and had failed to communicate it.  Fischer supported this claim with an affidavit from his appellate counsel, which alleged that trial counsel had informed her that the prosecutor had communicated a plea offer.  The Michigan Court of Appeals once again denied the motion without prejudice.  Fischer refiled for a third time with the same evidence on this point, and the Michigan Court of Appeals denied the motion.  The court then went on to decide the merits of Fischer's appeal.

In its opinion, the Michigan Court of Appeals addressed the arguments in Fischer's appellate brief, but did not address the ineffective assistance claim regarding the plea offer.  The court affirmed Fischer's conviction but held that the trial court had improperly applied the habitual offender enhancement and remanded for resentencing.  Fischer filed an application in the Michigan Supreme Court for leave to appeal both his conviction and the Court of Appeals' denial of his motion for remand.  The Michigan Supreme Court denied his application.  On remand from the Court of Appeals for resentencing, the trial court sentenced Fischer to 11 to 30 years of imprisonment.

Fischer then filed a petition for a writ of habeas corpus in federal district court.  In his petition, he raised a single claim:  that his trial counsel was ineffective for failing to communicate a plea offer.  The Warden argued in district court that Fischer had failed to exhaust his state remedies on this issue because he had not raised the issue in his state appellate brief or in a state habeas petition.  The district court ruled that Fischer had not fairly presented his ineffective assistance of counsel claims to the Michigan courts by raising them in the motion to remand and that he had failed to exhaust his state remedies.  The court recognized that our court has held that raising an ineffective assistance claim in a Michigan motion to remand is sufficient to exhaust it for the purpose of federal habeas review.  R. 14, PageID 2143 (citing *Elmore v. Foltz*, 768 F.2d

-4-

773, 775 (6th Cir. 1985)). But the district court concluded that we had overruled ourselves. R. 14, PageID 2143-44 (citing *Woods v. Booker*, 450 F. App'x 480 (6th Cir. 2011)). The district court, therefore, dismissed Fischer's petition.

## II. ANALYSIS

We review de novo a district court's decision to deny a petition for a writ of habeas corpus. *Pinchon v. Myers*, 615 F.3d 631, 638 (6th Cir. 2010). In particular, we review de novo the question of whether a petitioner has failed to exhaust his state court remedies. *McBride v. Skipper*, 76 F.4th 509, 512 (6th Cir. 2023).

Before a prisoner may petition for a writ of habeas corpus in federal court, he must exhaust the available remedies in state court. 28 U.S.C. § 2254(b)(1). To do so, he must fairly present his claims to the state courts by giving them a full opportunity to review any constitutional issues, citing or employing similar federal law arguments and facts to those he seeks to present in federal court. *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To exhaust a federal habeas claim, the petitioner must properly raise the claim in each appropriate state court throughout the appellate process. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Where the petitioner has failed to exhaust his state law claims through the appropriate procedures, but the state, nonetheless, considered his claims on the merits, he has satisfied the exhaustion requirement. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). The petitioner bears the burden of demonstrating that he has exhausted his state claims. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Both parties now agree that Fischer has met the exhaustion requirement of § 2254(b)(1), but they disagree as to why. Fischer alleges that he properly presented his ineffective assistance of counsel claims to both the Michigan Court of Appeals and the Michigan Supreme Court, and those courts failed to consider his claims on the merits. The Warden argues that Fischer failed to

properly present his claim to the state court, but the state court nonetheless considered his claim on the merits, triggering an exception to the exhaustion requirement.

This court has had several occasions to address whether a petitioner has appropriately exhausted his state court remedies by filing a motion to remand for a *Ginther* hearing that sets forth a claim of ineffective assistance of counsel not raised in an appellate brief. In *Elmore v. Foltz*, we considered the appeal of a habeas petitioner who, like Fischer, had filed a motion for remand to the trial court to develop the factual record on ineffective assistance of counsel but had not raised the issue in an appellate brief or state habeas petition. 768 F. 2d 773, 774–75 (6th Cir. 1985). The Warden there, as here, characterized the motion for a remand as a procedural device that does not require a decision on the merits. *Id.* at 775. We noted that, at the time, a motion to remand was Elmore's only option for presenting the substance of his claim to the Michigan courts because it would have been procedurally improper to raise the issue in his appellate brief. *Id.* We held that

> Elmore's motion to remand was a procedurally proper approach to securing review of the issues, given the length and detail of that motion, and given the denial of the motion for 'lack of merit,' we cannot say that Elmore failed to fairly present his constitutional claims to the Michigan Court of Appeals.

*Id.*

In *Woods v. Booker*, we declined to extend *Elmore* to cases in which a defendant raised the claim he presents on habeas review in a motion to remand but failed to brief the merits in that motion or follow the appropriate procedures to obtain review of that motion on the merits. 450 F. App'x 480, 489-490 (6th Cir. 2011).[1] Woods, like Fischer and Elmore, raised a claim of ineffective assistance of counsel in a motion to remand. *Id.* at 487. But unlike Fischer and Elmore,

---

[1] Contrary to the district court's conclusions on the matter, *Woods* did not overrule *Elmore*. It merely declined to extend *Elmore* to a factually distinct circumstance.

No. 24-1196, *Fischer v. Nagy*

Woods failed to make a procedurally correct motion for a *Ginther* hearing, and his argument regarding ineffective assistance of counsel was limited to a cursory statement. *Id.* at 488-89. As a result of the procedural defects, his motion to remand was summarily denied by the Michigan courts. *Id.* at 490. We stated that "[t]he fair presentation requirement is not satisfied when a claim is presented in state court in a procedurally inappropriate manner that renders consideration of the merits unlikely." *Id.* at 489. Because Woods had failed to allege his ineffective assistance claim in a manner that allowed appropriate review of the merits by the state courts, we held that he had failed to exhaust his state remedies. *Id.*

Finally, in *Nali v. Phillips*, we were presented with a petitioner who had filed a pro se motion to remand so that the trial court could hold an evidentiary hearing on his ineffective assistance of counsel claim. 681 F.3d 837, 852 (6th Cir. 2012). Rather than addressing whether Nali's complex motion to remand was procedurally appropriate, we noted that the inquiry could be resolved simply by determining whether the state courts had the opportunity to adjudicate Nali's claim on the merits. *Id*. We held that if the court reached the merits of the argument, the argument had been fairly presented notwithstanding any procedural defects that might or might not have been present. *Id.* The Michigan Court of Appeals "denied Nali's motion to remand 'for [petitioner's] failure to persuade the Court of the need to remand." *Id.* "The Supreme Court of Michigan denied Nali's application because it was 'not persuaded that the questions presented [by petitioner] should be reviewed' by the Court." We concluded that Nali's ineffective assistance claim was thus adjudicated on the merits in the state courts." *Id.* So, Nali's claim was appropriately exhausted. *Id.*

From these cases, we can draw several principles. First, a petitioner may appropriately exhaust his state remedies in a motion to remand—i.e., the fact that the claim is raised in a motion

-7-

to remand rather than an ordinary appellate brief does not inherently render the claim unexhausted (although other procedural issues associated with the choice to follow that procedure might). *Elmore*, 768 F. 2d at 775. But, second, the mere fact that a claim is referenced in a motion to remand is not sufficient on its own. *Woods*, 450 F. App'x at 489-490. Instead, the petitioner must sufficiently follow appropriate procedures in state court such that the state court may fairly review the claim on the merits. *Id.* And, third, the fact that a state court purported to review the claim on the merits demonstrates that it had the opportunity to review the claim on the merits. *Nali*, 681 F.3d at 852.

We do not reach the question of whether Fischer appropriately followed Michigan procedural rules, because, under our own precedent, Fischer did not present his ineffective assistance claim in a manner so procedurally defective as to render the Michigan Courts unable to pass upon it. He included substantial briefing on the issue in his motion to remand, setting forth his constitutional claim and the facts supporting it. The Michigan Court of Appeals and Michigan Supreme Court treated Fischer's motion to remand the same way those courts treated the remand in *Nali*. Under our precedent, therefore, the Michigan courts reached the merits for habeas purposes. *Id.* Because the Michigan Court of Appeals denied Fischer's claim on the merits, we conclude that the court had the opportunity to review Fischer's claim on the merits. As in *Elmore*, "given the length and detail of [Fischer's] motion, and given the denial of the motion [on the merits], we cannot say that [Fischer] failed to fairly present his constitutional claims to the Michigan Court of Appeals." *Elmore*, 768 F. 2d at 775. Fischer fairly presented his claim, and the Michigan courts considered that claim on the merits. It has been appropriately exhausted and may, therefore, be considered on a petition for a writ of habeas corpus. *Id.*

No. 24-1196, *Fischer v. Nagy*

### III. CONCLUSION

Fischer has satisfied the exhaustion requirement found in § 2254(b)(1). The judgment of the district court is **REVERSED**. We **REMAND** for further proceedings consistent with this opinion.

LARSEN, Circuit Judge, concurring in the judgment. In *Nali v. Phillips*, 681 F.3d 837 (6th Cir. 2012), this court, without citing any Michigan cases or rules, misinterpreted Michigan law and practice. Since *Nali*, Michigan courts have exposed *Nali*'s errors. Because Michigan courts have the final say on Michigan law, s*ee Vroman v. Brigano*, 346 F.3d 598, 603 (6th Cir. 2003), I question *Nali*'s precedential force, *see Hampton v. United States*, 191 F.3d 695, 701 (6th Cir. 1999). And, absent *Nali*, I have serious doubts about whether Fischer exhausted his claim.

Both Fischer and the Warden nevertheless agree that Fischer *has* exhausted his claim, though they disagree about why, and neither party questions *Nali*'s precedential force. But whether *Nali* binds this panel in light of subsequent (and previous, unexamined) Michigan caselaw is a question both "antecedent to . . . and ultimately dispositive of" the exhaustion issue. *U.S. Nat'l Bank of Oregon v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 447 (1993) (citation omitted). Thus, it would be within our discretion to reconsider *Nali*, even though neither party raised the issue. *See id.* Yet, here, there has been no opportunity for input by the parties. *See id.* at 448. And the underlying question turns on an interpretation of state, not federal, law. *Cf. City of Pontiac Retired Emps. Ass'n v. Schimmel*, 726 F.3d 767, 783 (6th Cir. 2013) (Griffin, J., dissenting) ("It is especially inappropriate for a federal court to rule on an unanswered question of state law *sua sponte*."), *vacated on reh'g en banc*, 751 F.3d 427 (6th Cir. 2014). So the prudent course seems to be to take the case as the parties presented it to us, leaving to future litigation the question of *Nali*'s binding character and its merits.[1]

---

[1] In fairness to the district judge, neither party even mentioned *Nali* in the district court. It was not until this court issued a certificate of appealability based on *Nali* that its importance came to the forefront of this litigation. *See Fischer v. Nagy*, No. 24-1196 (6th Cir. June 21, 2024) (order).

-10-

No. 24-1196, *Fischer v. Nagy*

Applying *Nali*, I agree that Fischer has exhausted his claim. I thus concur in the judgment. Yet because "unexamined assumptions have a way of becoming, by force of usage, unsound law," *McCormick v. United States*, 500 U.S. 257, 280 (1991) (Scalia, J., concurring), I write separately to call attention to *Nali*'s errors. And, given *Nali*'s uncertain future, I note my additional doubts about the relevance of *Elmore v. Foltz*, 768 F.2d 773 (6th Cir. 1985).

I.

In the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress set out procedural requirements that state prisoners must follow to obtain federal habeas relief. *See Shinn v. Ramirez*, 596 U.S. 366, 377 (2022); 28 U.S.C. § 2254. One requirement, "exhaustion," demands that prisoners give the state courts "an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." *Shinn*, 596 U.S. at 378 (citation omitted). The onus is on the petitioner to prove exhaustion. *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003). Ordinarily, this requires the petitioner to raise his federal claim in state court in accordance with state procedures.[2] *Shinn*, 596 U.S. at 378. But a petitioner who has not presented his claim in a procedurally appropriate manner has still exhausted it if the state court "actually passed upon the claim." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Apart from this exception, a claim raised

---

[2] If a state prisoner failed to follow appropriate state procedures when raising his federal claim, and state courts will no longer hear the claim due to the procedural failures, the petitioner has "technically exhausted" his claim. *Shinn*, 596 U.S. at 378. Yet in such instances, the doctrine of procedural default—"an important 'corollary' to the exhaustion requirement"—applies. *Id.* (quoting *Davila v. Davis*, 582 U.S. 521, 527 (2017)). Under that doctrine, federal courts "generally decline to hear any federal claim that was not presented to the state courts 'consistent with [the State's] own procedural rules.'" *Id.* (alteration in original) (quoting *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000)). The Warden does not argue that procedural default applies here.

-11-

"for the first and only time in a procedural context" in which a state court would ordinarily not consider its merits has not been exhausted. *Id.*

A.

In *Nali*, as here, the defendant had filed in the Michigan Court of Appeals a motion to remand his case to the trial court for a "*Ginther* hearing"—an evidentiary hearing that permits a defendant to develop a claim of ineffective assistance of counsel for direct appeal. *Nali*, 681 F.3d at 839; *see People v. Ginther*, 212 N.W.2d 922, 925 (Mich. 1973). The state appellate court denied his motion "'for [petitioner's] failure to persuade the Court of the need to remand' the case at that time." *Nali*, 681 F.3d at 852 (alteration in original). Nali then sought leave to appeal from the Michigan Supreme Court. *Id.* The Michigan Supreme Court denied the request because it was "not persuaded that the questions presented [by petitioner] should be reviewed." *Id.* (alteration in original). Without referencing any Michigan caselaw interpreting these phrases, *Nali* concluded that these decisions were on the merits and that the petitioner, therefore, had exhausted his ineffective-assistance claim. *Id.*; *see Castille*, 489 U.S. at 351 (treating a claim as exhausted "where the State has actually passed upon the claim").

The problem is, neither order by the state appellate courts was on the merits. Start with the Michigan Supreme Court's denial of leave to appeal. The Michigan Supreme Court used its standard decretal language: it was "not persuaded that the questions presented [by petitioner] should be reviewed." *Nali*, 681 F.3d at 852 (alteration in original). The state supreme court's order in this case contained the same language. [R. 12-11, PageID 1926.] Time and again, the Michigan Supreme Court has expressed that such denials are *not* decisions on the merits. *See Haksluoto v. Mt. Clemens Reg'l Med. Ctr.*, 901 N.W.2d 577, 582 n.3 (Mich. 2017) (citing *Frishett v. State Farm Mut. Auto. Ins. Co.*, 378 Mich. 733, 734 (1966)); *People v. Poole*, 862 N.W.2d 652,

-12-

652 (Mich. 2015) (order); *Grievance Adm'r v. Lopatin*, 612 N.W.2d 120, 134 (Mich. 2000); *Great Lakes Realty Corp. v. Peters*, 57 N.W.2d 901, 903 (Mich. 1953); *Malooly v. York Heating & Ventilating Corp.*, 258 N.W. 622, 624 (Mich. 1935). Indeed, the Supreme Court of the United States has recognized that the Michigan Supreme Court has "long described its denials of applications for leave to appeal" as "import[ing] no expression of opinion upon the merits of the case." *Brown v. Davenport*, 596 U.S. 118, 142 (2022) (citation omitted).

*Nali* also misunderstood the Michigan Court of Appeals' denial of Nali's motion to remand. That order had denied the motion "for [petitioner's] failure to persuade the Court of the need to remand" at the time. *Nali*, 681 F.3d at 852 (alteration in original). The state court of appeals in the present case likewise denied Fischer's motion "for failure to persuade the Court of necessity of a remand at this time." R. 12-9, Order, PageID 1418. Such orders are not adjudications "on the merits." Michigan caselaw in an analogous context illustrates this: Orders by the Michigan Court of Appeals denying leave for interlocutory appeal typically include "language indicating that the application was denied because the Court was not persuaded that immediate appellate review was necessary." *Pioneer State Mut. Ins. Co. v. Michalek*, 946 N.W.2d 812, 817 n.6 (Mich. Ct. App. 2019). "There is *no merits language* in those denial orders," the Michigan Court of Appeals has explained, "because *no merits determination was made*; instead, the panel has simply determined appellate intervention was not necessary at the time." *Id.* (emphasis added).

This is not to say that denial orders can never be on the merits. Sometimes they are. But when they are, the court says so by denying the request for "lack of merit in the grounds presented." *Id.* at 817. Indeed, that seems to be the court's practice when it denies motions to remand on the merits. *See People v. Hayden*, 348 N.W.2d 672, 684 (Mich. Ct. App. 1984) (stating that, because

a previous panel "denied defendant's motion to remand on th[e] same [ineffective-assistance-of-counsel] issue 'for lack of merit in the grounds presented,'" the law-of-the-case doctrine precluded the current panel "from reaching the merits of th[e] issue").

In *Elmore v. Foltz*, for instance, the Michigan Court of Appeals used merits-based language in its denial order. There, the state prisoner had sought to develop an ineffective-assistance claim on direct appeal by filing a motion to remand in the Michigan Court of Appeals. 768 F.2d at 774. The state court denied the request for "*lack of merit* in the grounds presented." *Id.* (emphasis added). Eventually, the case made its way to this court on habeas review. The State argued that, by raising his claim only in a motion to remand, the petitioner had failed to exhaust his state remedies. *Id.* at 775. We disagreed. *Id.* In doing so, we reasoned in part that the "denial of the motion [was] for 'lack of merit.'" *Id.* Put differently, because the state court had "actually passed upon the claim," we were assured the petitioner had exhausted his claim. *Castille*, 489 U.S. at 351.

Treating the denial order in *Elmore* as a merits adjudication, and therefore finding exhaustion, made sense. When the Michigan Court of Appeals denies an application to appeal "for lack of merit in the grounds presented, the order means what it says—it is on the merits of the case." *Pioneer*, 946 N.W.2d at 817. That rule also applies to its denials of motions to remand. *See Hayden*, 348 N.W.2d at 684. But in *Nali* and the present case, the denial orders contained "no merits language," meaning "no merits determination was made." *Pioneer*, 946 N.W.2d at 817 n.6. *Nali* thus erred in deeming the Michigan Court of Appeals' denial order a decision on the merits.

B.

Given *Nali*'s precarious position, another word on *Elmore* seems appropriate. As explained above, in *Elmore*, our exhaustion determination rested in part on the fact that the

-14-

No. 24-1196, *Fischer v. Nagy*

Michigan Court of Appeals had denied the motion to remand "for 'lack of merit.'" 768 F.2d at 775. But we also relied on our assessment that Elmore's motion "was proper under [a] former Michigan General Court Rule" in effect at the time of his state-court proceedings. *Id.*; *see also Woods v. Booker*, 450 F. App'x 480, 489 (6th Cir. 2011) (remarking that, "at the time of Elmore's direct appeal, a motion to remand was the proper way to handle his claim"). It's unclear what, exactly, that rule provided. But whatever the former court rule, Fischer points to no current Michigan court rule that states that raising claims in a motion to remand is an appropriate way to present them for merits adjudication in the Michigan Court of Appeals.

Instead, Michigan rules and caselaw suggest the contrary. Michigan Court Rule 7.212(C)(5) requires an appellate brief's statement of questions to "stat[e] concisely and without repetition the questions involved in the appeal." The Michigan Court of Appeals routinely cites this rule as grounds for declining to entertain an issue not presented in the statement of questions. *See, e.g.*, *People v. Anderson*, 953 N.W.2d 451, 455 n.1 (Mich. Ct. App. 2020); *People v. Fonville*, 804 N.W.2d 878, 889–90 & n.31 (Mich. Ct. App. 2011); *People v. Unger*, 749 N.W.2d 272, 306 (Mich. Ct. App. 2008). It would seem, then, that raising an issue outside the appellate brief's statement of questions would *not* fairly present it for consideration on the merits.[3] Indeed,

---

[3] Even if the Michigan Court of Appeals has some discretion to entertain claims not contained in the statement of questions, *see, e.g.*, *People v. Smith*, 2015 WL 1119716, at *5–6 (Mich. Ct. App. Mar. 12, 2015), that wouldn't mean that a petitioner who has presented the substance of his claims in a procedurally incorrect manner has "fairly presented" them to the court of appeals. That's because raising a claim "for the first and only time in a procedural context in which its merits will not be considered" in the ordinary course does not "constitute 'fair presentation.'" *Castille*, 489 U.S. at 351.

Our decision in *Robinson v. Horton*, 950 F.3d 337 (6th Cir. 2020), illustrates the point. There, we held that raising a claim in a manner inconsistent with the Michigan Supreme Court's rules governing applications for leave to appeal did not "fairly present" the claim to that court. *Id.* at 345. That was true even though the application specifically referred the Supreme Court to "the issues as raised in my Court of Appeals brief." *Id.* We held that such a maneuver did not "fairly

-15-

No. 24-1196, *Fischer v. Nagy*

the backward-looking focus in *Elmore* indicates that, even by the time of Elmore's federal habeas proceedings, his state-court procedural moves would no longer have sufficed. *See, e.g.*, 768 F.2d at 775 ("No one disputes that his motion to remand was proper under [the] *former* Michigan General Court Rule . . . ." (emphasis added)); *id.* (basing its reasoning on Michigan rules in effect "[d]uring the time the Michigan Court of Appeals had jurisdiction of Elmore's case"); *see also Woods*, 450 F. App'x at 489 (describing *Elmore* as "hing[ing] on" the Michigan rules in effect at the time of Elmore's state-court direct appeal).

In sum, *Elmore*'s statement that it was procedurally proper to raise a claim in a motion to remand explicitly rested on a Michigan court rule that is no longer in place. And the current Michigan rules and caselaw indicate that a motion to remand is not a proper vehicle for raising appellate claims on the merits. *See Woods*, 450 F. App'x at 489 (noting that because the Michigan Court of Appeals "review[s] only those claims 'stated in the questions presented,'" "[i]t follows that, as a general matter, a motion to remand would not fairly present an issue"). So, as with *Nali*, I question whether this portion of *Elmore* continues to bind us. *See Hampton*, 191 F.3d at 701.

Ultimately, however, that issue does not govern the resolution of this case, which hinges on *Castille*'s recognition that, regardless of state procedural rules, a petitioner has exhausted his claim if the state courts passed upon it. The majority opinion "do[es] not reach the question of whether Fischer appropriately followed Michigan procedural rules." Maj. Op. at 8. Rather, it

---

present" the claim because "the Michigan Supreme Court would have had to 'read beyond' the application to 'alert it to the presence' of" the federal issue. *Id.* (quoting *Baldwin v. Reese*, 541 U.S. 27, 32 (2004)). The same would be true, it appears, if a defendant doesn't present the issue in his statement of questions: the Michigan Court of Appeals would have to "read beyond" the statement of questions in the appellate brief to find the substance of the federal issue, so the question would not be "fairly presented." Of course, if the court *does* "read beyond" and decides the claim on the merits, then the claim is still exhausted. *See Castille*, 489 U.S. at 351; Brian R. Means, Federal Habeas Manual Ch. 9C Summary (June 2025 Update) (summarizing § 9C:20).

-16-

determines that, under *Nali*, the Michigan courts denied Fischer's claim on the merits and, accordingly, "[i]t has been appropriately exhausted." *Id.* at 9. I agree.

## II.

So where does this leave *Nali* and *Elmore*? To be decided. Generally, "[o]ne panel of this court may not overrule the decision of another panel." *United States v. Ferguson*, 868 F.3d 514, 515 (6th Cir. 2017). An exception exists, however, when our prior holding turned on a question of state law and "there has been 'an indication from the [state] courts that they would have decided [the question] differently.'" *Lindenberg v. Jackson Nat'l Life Ins. Co.*, 912 F.3d 348, 357 (6th Cir. 2018) (citation omitted). That is the case here with respect to *Nali* and, seemingly, with respect to part of *Elmore*. *Nali* cited no Michigan caselaw in reaching its conclusion, and Michigan cases both before and after *Nali* have indicated that we were wrong. Meanwhile, current Michigan rules and caselaw suggest that Michigan courts would decide the procedural propriety of raising an issue only in a motion to remand differently today than we did in *Elmore*.

Still, this court hasn't had the benefit of briefing or argument on the issue of *Nali*'s interpretation of Michigan law and practice. *Cf. U.S. Nat'l Bank*, 508 U.S. at 448; *Wiese USA, Inc. v. Haulotte Grp./Bil-Jax, Inc.*, 858 F. App'x 909, 910 (6th Cir. 2021). Though I am skeptical, perhaps the crucible of adversarial testing could produce persuasive defenses of it. And as long as *Nali* is on the books, *Elmore*'s interpretation of state law isn't dispositive. Thus, the question of the two cases' precedential sway is better left to another day.

To resolve this case, we need only decide whether the Michigan courts adjudicated Fischer's claim "on the merits." *Nali* says that they did. So I concur in the judgment.

-17-

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 24-1196

GARY THOMAS FISCHER,

    Petitioner - Appellant,

  v.

NOAH NAGY, Warden,

    Respondent - Appellee.

**FILED**
Aug 13, 2025
KELLY L. STEPHENS, Clerk

Before: GILMAN, STRANCH, and LARSEN, Circuit Judges.

# JUDGMENT

On Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.

    THIS CAUSE was heard on the record from the district court and was submitted on the briefs without oral argument.

    IN CONSIDERATION THEREOF, it is ORDERED that the judgment of the district court is REVERSED, and the case is REMANDED for further proceedings consistent with the opinion of this court.

**ENTERED BY ORDER OF THE COURT**

*Kelly L. Stephens*

Kelly L. Stephens, Clerk